### BARRINGER v. CITY COUNCIL OF FLORENCE.
### *EX PARTE* BRUNSON.

1. DISPENSARY ACT—LIQUOR LICENSES—INJUNCTION.—Under the law of this State, since the passage of the statute known as the Dispensary Act of 1892, there is no authority in this State invested with power to grant liquor licenses; and this court enjoined a city council from issuing such licenses.

2. IBID.—IBID.—SALE OF LIQUORS.—The Dispensary Act of 1892 having been adjudged unconstitutional, except in so far as it prohibits the granting of licenses, its repealing clause failed to repeal prior acts providing a punishment for unlicensed sales; and hence, one selling liquor may be indicted under such prior laws of the State; and may also be punished under an ordinance of the city, where sold, prohibiting such sale.

3. IBID.—IBID.—SPECIAL STATUTE—CONDITIONS.—Since the Dispensary Act prohibited the granting of liquor licenses, and thereby necessarily repealed a prior statute which fixed the amount of such licenses, a subsequent special statute authorizing the city council of Florence to issue liquor licenses was inoperative by reason of the condition attached, that no license should be granted at a less sum than is established by the laws of this State.

4. IBID.—IBID.—SPECIAL LEGISLATION.—Where the State was prohibiting the sale of liquor throughout her limits, it cannot be supposed that she intended to permit its sale in only one municipality, by a general provision in an amended charter, even if such a distinction was constitutional.

The case first above stated was an application to this court, in its original jurisdiction, to restrain the city council of Florence from its threatened action of granting liquor licenses, the plaintiffs being citizens and taxpayers. In the second case, there was an application for discharge from arrest, under writ of *habeas corpus,* on the charge of selling liquor without license.

---

*Mr. P. A. Willcox,* for plaintiffs and petitioner.

*Mr. C. S. Nettles,* contra. ·

May 8, 1894.    The following order, signed by all the justices, was delivered

Per Curiam.    These two cases, instituted in the original jurisdiction of this court, being of a kindred nature, though not involving the same questions, were heard and will be considered together.    The first is a case asking for an injunction to restrain the city council of Florence from granting licenses for the sale of spirituous liquors, upon the ground that there is now no law authorizing the granting of such licenses, and, therefore, that the threatened action of said city council in this respect is *ultra vires.*    The second is a case in which the petitioner applies, under a writ of *habeas corpus,* heretofore issued for his discharge from custody, in which he is held under a warrant issued by the mayor of the city of Florence, who is invested by the charter of said city with all the powers of a trial justice, charging the petitioner with selling spirituous liquors without a license, in violation of an ordinance of the city, as well as in violation of the laws of the State.    Inasmuch as one of these cases involves the liberty of the citizen, this court deems it to be its duty to render as prompt a decision as possible.    The court will, therefore, proceed simply to decide the questions presented in these cases, without undertaking *now* to give the reasons for the conclusions, which will, however, be hereafter done in an opinion which will be prepared and filed as soon as practicable.

The court decides that, under the law as it now stands, there is no authority invested with the power to grant licenses for the sale of spirituous liquors within the limits of this State, and hence the action of the city council of Florence in granting such licenses would be *ultra vires* and absolutely void; and, therefore, the injunction as asked for by the petitioners in the case first named must be granted.

In the second case, the petitioner moves for his discharge from custody upon the ground that there is now no law forbidding the

sale of spirituous liquors within the limits of this State. This court decides that this is a mistaken view of the law.

On the contrary, we hold that the act of 1892, commonly called the Dispensary Act, having been declared unconstitutional in all its provisions, except that forbidding the granting of licenses to sell spirituous liquors after the day therein named, the repealing clauses of that act fall, and must be regarded as if never enacted; and hence the previous law forbidding the sale of spirituous liquors without a license remains still of force, under which the petitioner may lawfully be indicted. In addition to this, he may also be proceeded against for a violation of the ordinance of the city of Florence, mentioned in the warrant under which he has been arrested and is now held in custody.

It is, therefore, ordered, that in the case first named in the title of this order, an injunction do issue as prayed for in the petition. It is further ordered, that in the second case named in the title hereof, the motion of the petitioner for a discharge be refused; and that the said J. Ellis Brunson be remanded to the custody of the chief of police of the city of Florence, to be by him safely kept until he is thence delivered by due course of law.

May 21, 1894. The opinion in these two cases was delivered by

MR. CHIEF JUSTICE McIVER. These two cases, instituted in the original jurisdiction of this court, though not involving the same questions, were heard and will be considered together.

The sole question presented by the case first named is, whether the city council of Florence has any authority to grant licenses for the sale of spirituous liquors within the corporate limits of said city. Inasmuch as this court has twice decided, first in the case of *State ex rel. Hoover* v. *Town Council of Chester*, 39 S. C., 30, and next in the case of *McCullough* v. *Brown, ante*, 220, that so much of the act of 1892, entitled "An act to prohibit the manufacture and sale of intoxicating liquors, as a beverage, within this State, except as herein provided," approved 24th of December, 1892, as forbids the granting of any license for the sale of spirituous liquors

beyond the date therein designated (30th of June, 1893,) is constitutional and valid, it follows, necessarily, that the said city council would have no authority to grant such a license, unless by some subsequent valid legislation it has been reinvested with the power so to do. This, as we understand it, is not and certainly cannot be disputed.

It is urged, however, that by "An act to amend an act entitled 'An act to incorporate the city of Florence,'" approved 22d December, 1893, the said city council has been reinvested with the power to grant licenses for the sale of spirituous liquors within the corporate limits of said city. The fifth section of the act just mentioned does purport to confer such a power upon the city council of Florence, but it is upon a certain condition, which has not and cannot be complied with, under the present condition of the law; for in the proviso to that section it is expressly declared that in no instance shall the price of such license be fixed at a less sum than is established by the laws of this State. Now, as there is no law of the State fixing the price of a license for the sale of spirituous liquors, and, on the contrary, the law of the State, at the time of the passage of the act amending the charter of the city of Florence, absolutely forbid the granting of any such license, it follows, necessarily, that the power purporting to be conferred upon the city council of Florence cannot be exercised, because the condition upon which such power was conferred cannot be complied with. It cannot be claimed that resort may be had to section 1736 of the General Statutes, in order to ascertain the price of a license for the sale of spirituous liquors, as established by the laws of this State, for the very obvious reason that such section is so clearly in conflict with that provision in the act of 1892 above referred to, which has been declared constitutional, as to deprive such section of all force as law. Besides, it can scarcely be supposed that the legislature, by the provisions of the fifth section of the act amending the charter of the city of Florence, intended (even if they had the power to do so, as to which we do not now propose to express any opinion,) thus to discriminate in favor of the city council of Florence, against all

the other municipal corporations in the State. We are, therefore, of opinion that no power has been conferred upon the city council of Florence to grant a license for the sale of spirituous liquors within the corporate limits of said city; and, as it is well settled that a municipal corporation has no powers, except such as are conferred by its charter, it follows, necessarily, that any attempt on the part of the said city council to grant such a license would be *ultra vires* and void.

In the second case mentioned in the title of this opinion, the petitioner was arrested under a warrant, issued by the mayor of the city of Florence, charging him with violating an ordinance of said city, as well as the law of the State, by selling spirituous liquors within the corporate limits of said city without a license; and being in the custody of the chief of police of said city under such arrest, was brought before this court by a writ of *habeas corpus*, where he has moved for his discharge from arrest. The ground upon which he bases his motion is, that there is now no law making it a criminal offence to sell spirituous liquors. We do not think such a position can be sustained. While it is true that the act of 1892, commonly called the "Dispensary Act," did contain clauses purporting to repeal all previous acts regulating the sale of spirituous liquors, yet as all the provisions of that act, except the one hereinabove referred to, which does not affect the present inquiry, have been declared unconstitutional and void, in the case of *McCullough* v. *Brown, supra, ante,* 220, it follows necessarily that the repealing clauses of the act of 1892 never had any force and effect as law, and hence the law relating to this subject remains as it was prior to the passage of that act; and, therefore, any person who violates such pre existing law, subjects himself to indictment and punishment. Besides, there can be no doubt that the petitioner may be lawfully prosecuted for the violation of the ordinance of the city forbidding a sale of spirituous liquors within the corporate limits of said city. It is clear, therefore, that the petitioner is not entitled to his discharge.

In accordance with these views, an order has heretofore been filed, granting the injunction as prayed for in the case first

named, and refusing the motion, and remanding the petitioner in the second case.

MR. JUSTICE POPE.    I concur in the result.    The Constitution of this State makes the concurrence of two judges of this court its judgment.    I bow to such a decision, as all other citizens must do, but in doing so I deem it my duty to say that I still adhere to the views expressed in my dissenting opinion in the cases known as the Dispensary Cases, *ante*, 220.