STATE OF NEBRASKA, APPELLEE, v. STEVEN L. ANDERSON,
APPELLANT.

197 N. W. 2d 697

Filed May 19, 1972. No. 38346.

Steven L. Anderson, pro se.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant pled guilty to three counts of possession of drugs on December 8, 1970. Count I involved possession of narcotics, as defined in section 28-451(14), R. S. Supp., 1969; Count II, possession of marijuana and hashish; and Count III, possession of a depressant or stimulant drug. Defendant was fined $750 and sentenced to 2 to 3 years in the Nebraska Penal and Correctional Complex on Count I; sentenced to 7 days in the county jail on Count II; and fined $750 and sentenced to 2 to 3 years in the Nebraska Penal and Correctional Complex on Count III.

Defendant's assignments of error are as follows: (1) The unconstitutionality of sections 28-451, 28-487, 28-489, and 28-499, R. S. Supp., 1969; and (2) the excessiveness of the sentences.

Defendant's first assignment of error was adequately

answered in State v. Greenburg (1971), 187 Neb. 149, 187 N. W. 2d 751. In that case, we held: "Ordinarily if an amendatory act is invalid, the original statute remains in effect."

There is merit to the defendant's second assignment of error, in that he was sentenced under sections 28-470 and 28-472.04, R. S. Supp., 1969, as they existed at the time the offense was committed. These sections were repealed by Laws 1971, LB 326, § 31, R. S. Supp., 1971, which became effective May 26, 1971.

The defendant withdrew his not guilty plea and pled guilty to the offenses on September 21, 1971, and the hearing was continued until October 4, 1971, for a presentence report. It is evident from the record the defendant entered into a plea bargain on the assumption that if probation was not granted he would be sentenced under section 28-4,125, R. S. Supp., 1971. LB 326 repealed the provisions under which the defendant was sentenced. This case is controlled by State v. Roberts (1972), *ante* p. 209, 196 N. W. 2d 118, in which we held: "Where a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically provided otherwise."

Where the record does not clearly indicate what sentence would have been given if the trial judge had proceeded under the amendatory act, the case should be returned to him for resentencing. The sentences rendered herein as to Counts I and III are set aside, and the case is remanded to the district court for resentencing on those counts, in accordance with this opinion. The sentence on Count II is affirmed.

Judgment affirmed as to Count II, and remanded for resentencing on Counts I and III.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.