23981

PICKENS COUNTY, South Carolina, and Joseph C. Ellers, J.C. Hayes, Samuel E. Calloway, Robert R. Nash, G. Neil Smith, and Mac Welborn, in their official capacity as members of the County Council of Pickens County, South Carolina, Respondents/Appellants v. PICKENS COUNTY WATER AND SEWER AUTHORITY, and Boone Crisp, James T. Lollis, Jr., Guy A Waldrop, Jeffrey Wayne Kelley, and Henry E. McKinney, in their official capacity as members of the Pickens County Water and Sewer Authority, Appellants/Respondents.

(439 S.E. (2d) 840)

Supreme Court

*Theodore B. DuBose,* of *Sinkler & Boyd, P.A.,* Columbia, *for appellants/respondents.*

*G. Edward Welmaker,* of *Acker, Welmaker & Johnson,* Pickens, *for respondents/appellants.*

Heard Oct. 20, 1993.

Decided Jan. 10, 1994.

MOORE, Justice:

This appeal is from an order declaring 1973 Act No. 757 unconstitutional under the home rule mandate of Article VIII, § 7, of the South Carolina Constitution. We affirm.

## FACTS

Respondents-appellants (County) commenced this declaratory judgment action seeking a ruling that 1973 Act No. 757 is unconstitutional. Act No. 757 created the "Pickens County Water and Sewer Authority" (WSA) and empowered it with the authority to provide water and sewer service countywide wherever such service was not provided by a municipality. Act No. 757 also repealed 1971 Act No. 240 which had created the "Pickens County Water Authority." The apparent intent of Act No. 757 was to consolidate water and sewer services in one authority. The trial judge declared Act No. 757 unconstitutional and ruled that Act No. 240 was revived.

## ISSUES

1. Whether Act No. 757 violates home rule.
2. Whether Act No. 240 is revived.

## DISCUSSION

Article VIII, § 7, of the South Carolina Constitution prohibits the enactment of legislation after March 7, 1973,[1] that affects a specific county. *Knight v. Salisbury,* 262 S.C. 565, 206 S.E. (2d) 875 (1974). This Court has

---

[1] Act No. 757 was enacted June 26, 1973.

recognized an exception to this prohibition for "transitional" legislation to implement a new form of government. *Cooper River Park and Playground Comm'n v. City of No. Charleston*, 273 S.C. 639, 259 S.E. (2d) 107 (1979). Appellants-respondents (WSA) contend Act No. 757 comes under the transitional legislation exception. We disagree.

This case is clearly controlled by *Hamm v. Cromer*, 305 S.C. 305, 408 S.E. (2d) 227 (1991), in which we held legislation creating a water and sewer authority in a specific county violated Article VIII, § 7, and did not qualify as transitional legislation because it did not implement a new form of county government. We hold the trial judge properly found Act No. 757 unconstitutional.

In its cross-appeal, County argues Act No. 240, which created the previous "Pickens County Water Authority," should not be revived by the invalidity of Act No. 757 which purported to repeal it. County contends under the doctrine of desuetude Act No. 240 should be declared invalid because of disuse.

We find no support for County's contention. Desuetude has never been applied in this situation. When an act repealing a prior act is held unconstitutional, the repealer is also invalidated absent specific legislative intent to the contrary. The prior act is revived by invalidation of the repealer. *Wingfield v. S.C. Tax Comm'n*, 147 S.C. 116, 144 S.E. 846 (1928); *Barringer v. City Council*, 41 S.C. 501, 19 S.E. 745 (1894).

Affirmed.

HARWELL, C.J., and CHANDLER, and FINNEY, JJ., concur.

TOAL, J., dissenting in separate opinion.

TOAL, Justice, dissenting:

I must respectfully dissent for the same reasons that I dissented in *Hamm v. Cromer*, 305 S.C. 305, 408 S.E. (2d) 227 (1991).

I adhere to my belief that the purpose of the 1973 legislation in dispute here is "one-shot" transitional legislation which is permissible under *Duncan v. County of York*, 267 S.C. 327, 228 S.E. (2d) 92 (1976), as limited by *Horry County v. Cooke*,

275 S.C. 19, 267 S.E. (2d) 82 (1980) (wherein the exception is limited to the establishment of initial county governments).

In 1971, the General Assembly created the Pickens County Water Authority. This entity remained dormant. In June of 1973, shortly after the ratification of the "home rule" constitutional amendment, the General Assembly created the Pickens County Water and Sewer Authority into it and repealed the 1971 Act creating the old water authority. It wasn't until 1975 that the General Assembly fully implemented "home rule" by passing the Home Rule Act. It seems totally contrary to the spirit of home rule to make Pickens revive an old dormant water authority which its legislative delegation convinced the General Assembly to abolish in 1973. Accordingly, I would reverse the trial court and find Act. No. 757 constitutional as one-shot legislation.