642 S.E.2d 740

James R. DAVIS, Stephen King, Walter Robbie Robinson, Hannah R. Timmons, and Danny Young, individually and as members of the Recreation Commission of Richland County, Appellants,

v.

The RICHLAND COUNTY COUNCIL as Governing Body of Richland County and Mark Sanford, as Governor of the State of South Carolina, Respondents.

No. 26289.

Supreme Court of South Carolina.

Heard Oct. 4, 2006.

Decided March 12, 2007.

Richard J. Breibart, of Lexington, for Appellants.

Attorney General Henry Dargan McMaster, Assistant Deputy Attorney General Robert D. Cook, Assistant Deputy Attorney General J. Emory Smith, Jr., for Respondent Governor. Larry Cornell Smith, of Richland County Attorney's Office, M. Elizabeth Crum, Francenia B. Heizer, and Robert T. Bockman, all of McNair Law Firm, of Columbia, for Respondent Richland County Council.

Justice WALLER.

This is an appeal from the circuit court's denial of a temporary injunction to stay enforcement of Act No. 207, 2005 Acts 1961. At issue is the constitutionality of the Act, which altered the method of appointment of the members of the Richland County Recreation Commission (Commission). We hold Act No. 207 constitutes unconstitutional special legislation.

## FACTS

The (Commission) was created by Act No. 873, 1960 S.C. Acts 2010. Act No. 873 provided that the Commission was to be "composed of five resident electors of the recreational district to be appointed by the Governor upon the recommendation of the Richland County Legislative Delegation ..."

In 2005, by Act No. 207, the General Assembly passed Senate Bill 808, stating, in relevant part:

The authority to make the appointment of the members of the Richland County Recreation Commission is **devolved from the Richland County Legislative Delegation to the governing body of Richland County.** The terms of the members of the commission appointed by the Richland County Legislative Delegation expire on June 30, 2005.

(Emphasis supplied). The Act took effect upon the Governor's approval on June 1, 2005.

On July 11, 2005, Davis, et. al. (Appellants), members of the Commission at the time the Act was passed, filed a summons and complaint seeking a declaratory judgment as to the constitutionality of the Act, and requesting an injunction. They also filed a motion for an ex parte temporary restraining order to prevent the Richland County Council from enforcing Act No. 207. The circuit court granted the ex parte TRO, finding the plaintiffs would suffer irreparable harm from the existence of two competing boards. The court also found a likelihood of success on the merits under this Court's opinion in *Hamm v. Cromer*, 305 S.C. 305, 408 S.E.2d 227 (1991).

After a hearing, the circuit court denied the plaintiffs' motion for a preliminary injunction and dissolved the temporary injunction, finding they had not met the requirements for an injunction. The court found, *inter alia,* a) the plaintiffs lacked standing because they were no longer members of the Commission at the time they filed for an injunction, b) the plaintiffs were not in danger of an imminent threat of irreparable harm, c) the plaintiffs had little likelihood of success on the merits because they lacked standing, and d) the plaintiffs had an adequate remedy at law. This appeal follows.

### ISSUES

1. Did the circuit court err in ruling the plaintiffs lacked standing to challenge Act No. 207 and that they had not met the requirements of demonstrating the need for an injunction?

2. Is Act No. 207 unconstitutional?

## 1. STANDING/INJUNCTION

The circuit court ruled Appellants lack standing to bring this action because they filed suit after their terms expired (pursuant to Act No. 207). This was error.

In numerous recent cases, this Court has found that standing is not inflexible and standing may be conferred upon a party when an issue is of such public importance as to require its resolution for future guidance. *Sloan v. Dep't of Transportation,* 365 S.C. 299, 618 S.E.2d 876 (2005) (finding Sloan had standing to bring actions for alleged violation of statutory bidding violations by the DOT); *Sloan v. Wilkins,* 362 S.C. 430, 608 S.E.2d 579 (2005) (holding Sloan had standing to challenge legislative enactment). Additionally, both this Court and the Court of Appeals have found standing in other cases of important public interest without requiring the plaintiff to show he has an interest greater than other potential plaintiffs. *See id.; Sloan v. Sanford,* 357 S.C. 431, 593 S.E.2d 470 (2004) (holding standing to challenge governor's commission as officer in Air Force reserve); *Sloan v. Greenville Cty.,* 356 S.C. 531, 548, 590 S.E.2d 338, 347 (Ct.App.2003) (holding plaintiff had standing to bring declaratory judgment action alleging county failed to comply with ordinances governing procurement). Furthermore, under the public importance exception, standing may be conferred upon a party "when an issue is of such public importance as to require its resolution for future guidance." *Baird v. Charleston Cty.,* 333 S.C. 519, 531, 511 S.E.2d 69, 75 (1999).

We find the Commissioners have standing to challenge the constitutionality of an Act which authorizes their removal from office. Accordingly, the circuit court's order is reversed in this regard.

## 2. CONSTITUTIONALITY OF ACT 207

 In addition to seeking an injunction, the Commissioners sought a declaratory judgment establishing that Act No. 207 was unconstitutional. The circuit court did not reach the declaratory judgment issue, in light of its finding that Appellants did not have standing to challenge Act 207.[1]

This issue hinges upon an interpretation of this Court's prior opinions in *Hamm v. Cromer*, 305 S.C. 305, 408 S.E.2d 227. 305 S.C. 305, 408 S.E.2d 227 (1991) and *Pickens County v. Pickens Water and Sewer Authority*, 312 S.C. 218, 439 S.E.2d 840 (1994).

In *Hamm*, the governing body of the Newberry County Water and Sewer Authority was to be composed of seven resident electors of Newberry County, to be appointed by the Governor upon a recommendation of a majority of the members of the Newberry County Legislative Delegation. In 1988, the Legislature adopted Act No. 784, 1988 S.C. Acts 6447, which changed the method of appointment for the governing body of the Sewer Authority, taking the recommendation authority away from the local legislative delegation, and giving it to the members of the Newberry County Council. The Act further provided that the terms of the present governing members of the Authority would expire on the effective date of the Act.

Hamm brought a declaratory action seeking to have Act No. 784 declared unconstitutional, claiming it violated the constitutional prohibition against special legislation contained in S.C. Const., art. VIII, §§ 1 and 7[2]. He also argued Act 784 did

---

1. Because they also sought a declaratory judgment, we proceed to a review of the issue in the interest of judicial economy. See *Jeter v. S.C. Dep't of Transp.*, 369 S.C. 433, 633 S.E.2d 143 (2006); *Floyd v. Horry County School District*, 351 S.C. 233, 569 S.E.2d 343 (2002); *Furtick v. S.C. Dep't of Probation, Parole & Pardon Servs.*, 352 S.C. 594, 576 S.E.2d 146 (2003) (addressing merits of claim in the interest of judicial economy).

2. Article VIII, § 1 provides, "[t]he powers possessed by all counties, cities, towns, and other political subdivisions at the effective date of this Constitution shall continue until changed in a manner provided by law." Section 7 provides, in pertinent part, "[n]o laws for a specific county shall be enacted and no county shall be exempted from the general laws or laws applicable to the selected alternative form of

not fall within any exception or category of permissible special legislation, and that Act No. 784 was neither remedial nor transitional in nature. The trial court ruled in favor of respondents, and held Act No. 784 unconstitutional special legislation.

On appeal, this Court recognized that, by ratification of Article VIII in 1973, the General Assembly was prohibited from enacting laws for a specific county or municipality. A majority of this Court held:

> The prohibition of Section 7 is applicable to special legislation dealing with districts created prior to the ratification of Article VIII or the amendment of prior special legislation. . . . Because Act No. 784 amended prior special legislation which created the Authority, the prohibition of Section 7 of Article VIII applies. The enactment of Act No. 784 is exactly the type of special legislation which is prohibited by Sections 1 and 7 of Article VIII of the South Carolina Constitution as it was not intended that after the ratification of the constitutional amendment, the General Assembly could repeatedly inject itself into local affairs.

305 S.C. at 308, 408 S.E.2d at 228–229. The Court went on to recognize that Section 1 of Article VIII allowed the General Assembly to legislate to bring about an orderly transition to local home rule government, but that such authority was temporary and extended only so far as necessary to place Article VIII fully into operation.[3] "However, [Section 1] limited transitional legislation to a 'one shot' proposition so that the General Assembly could not repeatedly inject its will into the operation of county government." *Id.* at 308, 408

---

government." In *Hamm,* the Court recognized that the prohibition against special legislation contained in Article VIII, meant that no law could be passed concerning a specific county which related to those powers, duties, functions, and responsibilities, which under the mandated systems of government, were set aside for counties. 305 S.C. at 307, 408 S.E.2d at 228, *citing Kleckley v. Pulliam,* 265 S.C. 177, 217 S.E.2d 217 (1975).

3. In *Duncan v. York County,* 267 S.C. 327, 228 S.E.2d 92 (1976), the Court held Section 1 of Article VIII allowed the General Assembly to legislate to bring about an orderly transition to local home rule government, but that such authority was temporary and extended only so far as necessary to place Article VIII fully into operation.

S.E.2d at 229. The Court recognized that once a legally constituted government has become functional, the *Duncan* exception ends, thereby precluding any further special legislation. The Court held, "the local form of government, a public service district, which was organized long before the ratification of Article VIII, has remained in continuous and successful operation since that time and thus, Act No. 784 cannot be considered remedial legislation." *Id.*[4]

Thereafter, in *Pickens County v. Pickens Water and Sewer Authority*, 312 S.C. 218, 439 S.E.2d 840 (1994), the County commenced a declaratory judgment action seeking a ruling that 1973 Act No. 757 was unconstitutional. Act No 757 created the Pickens County Water and Sewer Authority and empowered it with the authority to provide water and sewer service county-wide wherever such service was not provided by a municipality. Act No. 757 also repealed 1971 Act No. 240 which had created the Pickens County Water Authority. The trial judge declared Act No. 757 unconstitutional and ruled that Act No. 240 was revived. A majority of this Court held that Act No. 757 did not come under the transitional legislation exception and was squarely controlled by *Hamm.*

Here, Act No. 207 takes the authority to recommend Richland County Recreation Commission members away from the Richland County Legislative Delegation, and gives that authority to the Richland County Council; it also provides that the terms of the then-current members of the commission appointed by the Richland County Legislative Delegation expire on June 30, 2005. Much like the Act held unconstitutional in *Hamm,* the Act here seeks to devolve appointment authority of a local body away from the Legislative Delegation, and confer it upon the County Council. Accordingly, *Hamm* and *Pickens* are squarely controlling, and Act No. 207 is indeed unconstitutional.

## CONCLUSION

The circuit court erred in finding Appellants without standing to challenge the constitutionality of Act No. 207. In the interest of judicial economy, we address the merits of the

---

**4.** Justice Toal dissented in *Hamm* and would have held the legislation was permissible, one-shot legislation.

504

underlying declaratory judgment action and hold that, under *Hamm* and *Pickens,* Act No. 207 is unconstitutional special legislation.

**REVERSED.**

MOORE and BURNETT, JJ., concur. TOAL, C.J., dissenting in a separate opinion in which PLEICONES, J., concurs.

Chief Justice TOAL.

I respectfully dissent for the same reasons that I dissented in *Hamm v. Cromer,* 305 S.C. 305, 309–10, 408 S.E.2d 227, 229–30 (1991). In my opinion, the majority continues to ignore the essential purpose and intent of the constitutional provisions enacted to aid in "home rule." *See* S.C. Constitution, Art. VIII, §§ 1 and 7 (significantly diminishing the power of the legislature to continuously engage itself in matters of local government).

Act No. 207 devolves the authority of the Richland County Legislative Delegation to recommend the appointment of the members of the Richland County Recreation Commission (Commission) to Richland County Council. This action clearly furthers the intent of §§ 1 and 7 to diminish legislative interaction in local government. Because Richland County Council has never had the legal authority to appoint the members of the Commission, in my opinion, the transfer of authority under Act No. 207 constitutes the establishment of initial county government. *See Horry County v. Cooke,* 275 S.C. 19, 23, 267 S.E.2d 82, 84 (1980) (limiting the *Duncan* exception to the establishment of initial county governments). Therefore, instead of continuing to invalidate such legislation and preserving legislative interference in local governmental affairs, I would hold Act 207 constitutional as "one shot" legislation under *Duncan v. County of York,* 267 S.C. 327, 228 S.E.2d 92 (1976).

Based on the reasons above, I respectfully dissent.

PLEICONES, J., concurs.