REQUESTED BY: Hobert B. Rupe, Executive Director
Nebraska Liquor Control Commission
In your letter to the Attorney General of February 15, 2008, you seek an opinion from this office as to the ability of the Liquor Control Commission to enforce certain provisions of the law regarding wholesale liquor licenses in Nebraska in light of the recent United States District Court decision in Southern Wine Spirits of America, Inc., et al. v. Heineman, et al., Case No. 4:07CV3244 (D. Neb.)
Introduction
During its session in 2007 the Nebraska Legislature enacted LB 578, 2007 Neb. Laws LB 578, which, among other things, amended the provisions of Neb. Rev. Stat. § 53-169.01 and repealed § 53-169.01 as it existed prior to such amendment. LB 578, §§ 3 and 5. As amended by LB 578, §53-169.01 would prohibit any manufacturer of alcoholic liquor outside of Nebraska from having any direct or indirect ownership interest in a wholesale liquor distributor licensed in Nebraska, whether or not that out-of-state manufacturer shipped alcoholic liquor into the state. Amended § 53-169.01, however, also contained a "grandfather clause" under which the prohibition would not apply if the ownership interest was acquired or became effective prior to January 1, 2007.
An out-of-state manufacturer of alcoholic liquor that sought to set up a subsidiary company to act as a wholesale liquor distributor in Nebraska challenged amended § 53-169.01 in the United States District Court for the District of Nebraska claiming that the amended law violated various constitutional provisions, including the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause of the United States Constitution. On February 14, 2008, the federal district court entered its decision in the case, holding that the "grandfather clause" in the amended § 53-169.01 is unconstitutional under both the Equal Protection and Privileges and Immunities clauses and that the "grandfather clause" cannot be severed from the remainder of the amended statute for the purpose of saving the remainder of the statute. Accordingly, the federal district court declared that "Neb. Rev. Stat. § 53-169.01 as amended by LB 578 (2007) is unconstitutional . . .." The court permanently enjoined the enforcement of the amended statute. Southern Wine Spirits of America, Inc., et al. v. Heineman, et al., 4:07CV3244 (D. Neb.), Memorandum and Order (filing 60) at 21-22.
Since § 53-169.01 as amended by LB 578 has now been declared unconstitutional and invalid by the United States District Court, you have asked for this office's opinion as to whether § 53-169.01, as it existed before the enactment of LB 578, is in force and may be enforced by the Liquor Control Commission or whether there is, in effect, no § 53-169.01 remaining at this time.
Discussion
Initially we note that LB 578 not only amended § 53-169.01 but also specifically repealed that statute as it had previously existed. The basic question, therefore, is whether the finding of unconstitutionality of the amended statute also renders the repealing clause invalid and leaves the earlier version of § 53-169.01 intact and enforceable or whether, in spite of the finding of unconstitutionality, the repealing clause is still valid and no § 53-169.01 exists.
While we have found no Nebraska cases directly addressing the question of whether or not a repealing clause is also invalid when an amended statute is declared to be unconstitutional, in State v. Anderson,188 Neb. 491, 492, 197 N.W.2d 697, 698 (1972), the Nebraska Supreme Court has stated: "`Ordinarily, if an amendatory act is invalid, the original statute remains in effect.'" (quoting a court syllabus entry from State v. Greenburg, 187 Neb. 149, 187 N.W.2d 751 (1971)). This statement by the Nebraska court is consistent with the general rule regarding the validity or invalidity of a repealing clause when an amended statute is found unconstitutional, as stated in 82 C.J.S. Statutes § 279:
 [W]here an act expressly repealing another act and providing a substitute therefore is found to be invalid, the repealing clause must also be held to be invalid, unless it appears that the legislature would have passed the repealing clause even if it had not provided a substitute for the act repealed. (Footnotes omitted.)
This rule has been followed by numerous other courts in concluding that the repealing clause in an invalid law amending a previous law is itself invalid such that the pre-existing law is deemed to be in force and effect. E.g., Sedlak v. Dick, 256 Kan. 779, 804-05, 886 P.2d 1119,1136 (1995); Pickens County v. Pickens County Water and Sewer Authority,312 S.C. 218, 220, 439 S.E.2d 840, 842 (1994); American Independent Party in Idaho, Inc. v. Cenarrusa, 92 Idaho 356, 359, 442 P.2d 766, 769
(1968); Selective Life Insurance Co. v. Equitable Life Assurance Soc. of the U.S., 101 Ariz. 594, 601, 422 P.2d 710, 717 (1967); Talbott v. City of Des Moines, 218 Iowa 1397, 257 N.W. 393, 394-95 (1934).
Another formulation of the same rule is set forth in State v. Clark,367 N.W.2d 168, 169 (N.D. 1985):
It is well established that unconstitutional legislation is void and is to be treated as if it never were enacted. . . . Therefore, when legislation that is enacted to repeal, amend or otherwise modify an existing statute, is declared unconstitutional, it is a nullity and cannot affect the existing statute in any manner. Rather, the extant statute remains operative without regard to the unsuccessful and invalid legislation. (Citations omitted.)
In a footnote to the foregoing the North Dakota court made clear that this rule applies "whether or not the amendments contain a repealing clause." Id., n. 1.
The Supreme Court of Missouri has expressed the rule under which the pre-existing law is considered to be in force and effect when an attempted amendment of that law is found to be unconstitutional in a slightly different way, which leads to the same result:
"The rule is that where the repealing clause is incidental to the rest of the act and the act is unconstitutional, the repealing clause is likewise invalid and the prior general law is left unrepealed. In other words, when . . . the evident purpose of the repeal is to displace the old law and substitute the new in its stead, the repealing section or clause, being dependent on that purpose of substitution, necessarily falls when falls the main purpose of the act."
Missouri Ins. Co. v. Morris, 225 S.W.2d 781, 782-83 (Mo. 1953) (quoting State ex inf. McKittrick v. Cameron, 342 Mo. 830, 839,117 S.W.2d 1078, 1082-83 (1938)).
Given the foregoing authority, it is our opinion that the Nebraska Supreme Court would, in the present situation, most likely apply the generally accepted rule that when a legislative enactment that amends an existing statute and repeals that statute in its former form is declared unconstitutional and invalid the repealing clause of that legislative enactment is also invalid such that the statute, as it existed before the unconstitutional amendments were enacted, remains in full force and effect.
Our view that the Nebraska Supreme Court would likely take such an approach is further supported by the provision in Neb. Rev. Stat. §49-705(2)(e) (2004) which permits the Revisor of Statutes, when preparing supplements to and reissued or replacement volumes of the Nebraska statutes, to "reinstate a section as it existed immediately prior to an amendment which the Supreme Court has held unconstitutional." While not directly applicable to the present situation, this provision certainly evinces a legislative intent that, if any of the Legislature's enactments amending previously-existing statutes are found to be unconstitutional by the courts, the previously-existing statutes are to remain in force and effect. Such result, of course, would be entirely consistent with the general rule adopted by the courts of other jurisdictions as discussed above.
In the present case the federal district court held that § 53-169.01
as amended by LB 578 was unconstitutional. Thus, § 53-169.01, as it existed after the enactment of LB 578, cannot be enforced. Accordingly, it appears that under the rule discussed herein, LB 578's repeal of § 53-169.01, as it existed before the enactment of LB 578, is also invalid; and the statute as it existed pre-LB 578 continues to be in force and effect and is enforceable by the Liquor Control Commission. We do not believe the Legislature would have adopted the clause repealing § 53-169.01 had it known that its amendments to that statute would cause the amended statute to be found unconstitutional and unenforceable.
Conclusion
Without a specific Nebraska case directly on point as to the validity or invalidity of a repealing clause when an amended statute is found to be unconstitutional by the courts we cannot, of course, state with certainty that the general rule discussed above applies and that, if the issue is raised in a legal action, a Nebraska court would find that § 53-169.01, as it existed before the enactment of LB 578, is still in force. For the reasons discussed above, however, it is our opinion that the Nebraska Supreme Court would most likely adopt and apply the general rule in these circumstances and find that pre-LB 578 § 53-169.01 is in force and is enforceable by the commission.
Sincerely yours,
JON BRUNING
Attorney General
Charles E. Lowe
Milissa Johnson-Wiles
Assistant Attorneys General
Approved by: