728 S.E.2d 40

**Richard FREEMANTLE, individually and on behalf of himself and all others similarly situated, Appellant,**

v.

**Joe PRESTON, in his official capacity and individually, while Administrator of Anderson County; Anderson County, a political subdivision of the State of South Carolina; Anderson County Council, the Legislative and Executive body of Anderson County; Ron Wilson, in his official capacity and individually; Bill McAbee, in his official capacity and individually; Larry Greer, in his official capacity and individually; Michael Thompson in his official capacity and individually; Gracie Floyd, in her official capacity and individually, Respondents.**

Appellate Case No.2010–181306.

No. 27138.

Supreme Court of South Carolina.

Heard April 17, 2012.

Decided June 27, 2012.

---

Charles R. Griffin, Jr., of Anderson, for Appellant.

James W. Logan, of Logan Jolley & Smith, of Anderson, Kevin W. Sturm, of Sturm & Cont, of Spartanburg, Candy M. Kern–Fuller, of Upstate Law Group, of Easley, Andrew F. Lindemann, of Davidson & Lindemann, of Columbia, D. Randle Moody, II, and Joseph O. Smith, both of Roe Cassidy Coates & Price, of Greenville, and Chuck Allen, of Anderson, for Respondents.

Justice KITTREDGE.

This is an appeal from the trial court's dismissal of claims pursuant to Rule 12(b)(6), SCRCP. Appellant Richard Freemantle, a citizen and taxpayer of Anderson County, sought to invalidate a severance agreement between Anderson County and its former county administrator, contending the approval of the severance agreement violated the common law and South Carolina's Freedom of Information Act ("FOIA"). The trial court dismissed the action finding that Appellant's status as a taxpayer did not confer standing to challenge the severance agreement. We agree with the able circuit judge in most respects concerning Appellant's lack of standing. We disagree with the trial court only insofar as the FOIA claim is concerned, for traditional standing principles do not apply under FOIA because the legislature has conferred standing on any citizen to enforce the Act's provisions. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

## I.

Appellant filed this action in November 2009 to challenge the legality of a severance agreement between Anderson County ("the County") and Joey Preston, a former Anderson County Administrator. In addition to suing the County and Preston, Appellant named as Defendants the Anderson County Council ("Council") and several former and current Council members in their official and individual capacities. We collectively refer to Defendants as Respondents.

Preston was hired as County Administrator in July 1998. His employment contract with the County provided for an initial employment term of three years and a continuing, annual renewal of employment in the absence of written notice not to renew the contract. The contract provided Preston with an annual salary of $95,000 and contemplated annual pay increases consistent with the County's wage and compensation plan. In the event the County terminated Preston's employment without cause, which he alleged occurred in September 2008, the employment contract provided Preston was to be entitled to severance pay, including the financial benefits remaining on the balance of his contract, compensation for

earned sick and annual leave, and additional severance pay based upon the length of his total service to the County.

The balance of power on Council was substantially altered as a result of the November 2008 election. With the new Council coming in, one of the final acts of the outgoing Council was to execute a severance agreement for Preston that provided him over one million dollars in severance benefits, which was well in excess of that provided for in his employment contract. The severance agreement also included a release provision, stating that the County would never seek legal redress against Preston for any claims relating to his employment with the County. This occurred in a Council meeting on November 18, 2008, amid allegations of secret meetings and collusion. By a vote of 5–2, the outgoing Council approved the severance agreement. The severance agreement was not placed on the meeting's agenda.

Appellant filed a complaint against Respondents on behalf of himself and all others similarly situated seeking monetary relief and various declaratory judgments. Specifically, Appellant alleged that Council's vote approving the severance agreement was invalid. In addition, Appellant contended the successor Anderson County Council was in any event not bound by the severance agreement. Relief was sought pursuant to various causes of action, including covin and collusion, breach of fiduciary duties, illegal gift of county funds, misfeasance, malfeasance, conspiracy, violations of public policy, and violations of FOIA, S.C.Code Ann. §§ 30–4–10 to –165 (Supp. 2011).[1]

Thereafter, Respondents moved for the suit to be dismissed pursuant to Rules 12(b)(6), SCRCP, asserting that Appellant, as a taxpayer, lacked standing. Respondents further asserted

---

1. Appellant asserts Respondents failed to properly notice an executive session meeting of the Personnel Committee on November 4, 2008. Additionally, Appellant maintains that Respondents were aware of the severance agreement prior to the November 18, 2008 meeting but did not place the severance agreement on the agenda prior to the meeting. Appellant contends that the Council's failure to include the severance package on the agenda violated section 30–4–80 of the South Carolina Code, which requires that agenda for a public body meeting must be posted at least twenty-four hours prior to scheduled meetings and requires that bodies make reasonable and timely efforts to give notice of their meetings.

that they were entitled to legislative immunity, and Appellant's claims were barred by Rule 12(b)(8), SCRCP, due to a pending action seeking similar relief. In its order of dismissal, the trial court found that Appellant lacked standing under the constitution, the public importance exception, and pursuant to state statute. Alternatively, the trial court held that Respondents were entitled to legislative immunity and that Appellant's action was barred under Rule 12(b)(8) because a "duplicative" action was pending in circuit court.

## II.

"On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the trial court." *Rydde v. Morris,* 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009). "That standard requires the Court to construe the complaint in a light most favorable to the nonmovant and determine if the facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case." *Id.* (internal quotations omitted). If the facts alleged and inferences deducible therefrom would entitle the plaintiff to any relief, then dismissal under Rule 12(b)(6) is improper. *Sloan Constr. Co. v. Southco Grassing, Inc.,* 377 S.C. 108, 113, 659 S.E.2d 158, 161 (2008).

## III.

Appellant relies on his status as a taxpayer in contending the trial court erred in finding Appellant lacked standing to assert his various claims against Respondents. Standing may be acquired: (1) through the rubric of "constitutional standing"; (2) under the "public importance" exception; or (3) by statute. *ATC South, Inc. v. Charleston Cnty.,* 380 S.C. 191, 195, 669 S.E.2d 337, 339 (2008). We hold the trial court properly found Appellant lacks standing under the traditional standing principles. However, we find Appellant possesses standing pursuant to state statute.

### A. *Constitutional Standing*

To establish constitutional standing, a plaintiff must first show he has suffered an "injury in fact—an invasion of a

legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." [2] *Id.* (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotations and citations omitted)). "[A] private person may not invoke the judicial power to determine the validity of executive or legislative action unless he has sustained, or is in immediate danger of sustaining, prejudice therefrom." *Evins v. Richland Cnty. Historic Pres. Comm'n,* 341 S.C. 15, 21, 532 S.E.2d 876, 879 (2000). A taxpayer lacks constitutional standing when he " 'suffers in some *indefinite* way in common with people *generally.*' " *ATC South,* 380 S.C. at 198, 669 S.E.2d at 341 (quoting *Frothingham v. Mellon,* 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078 (1923)) (emphasis added).

In our judgment, the injury, if any, to Appellant as a taxpayer is common to all citizens and taxpayers of Anderson County. Thus, this feature of commonality defeats the constitutional requirement of a concrete and particularized injury. We therefore affirm the trial court in rejecting Appellant's claim of taxpayer standing under constitutional standing principles.

## B. *The "Public Importance" Exception*

This Court has often recognized the "public importance" exception to the general standing requirements. "[S]tanding is not inflexible and standing may be conferred upon a party when an issue is of such public importance as to require its resolution for future guidance." *Id.* at 198, 669 S.E.2d at 341 (quoting *Davis v. Richland Cnty. Council,* 372 S.C. 497, 500, 642 S.E.2d 740, 741 (2007) (citation omitted)). In cases falling within the ambit of important public interest, standing is conferred "without requiring the plaintiff to show he has an interest greater than other potential plaintiffs." *Davis,* 372 S.C. at 500, 642 S.E.2d at 741–42 (finding recreation commissioners have standing under the public importance exception to challenge the constitutionality of an act

---

**2.** To establish constitutional standing, a plaintiff must also show a causal connection between the injury and the conduct complained of and it must be likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *ATC South,* 380 S.C. at 195, 669 S.E.2d at 339.

which authorizes their removal from office). However, a matter is deemed to be of public importance only where a resolution is needed for future guidance. *Sloan v. Sanford*, 357 S.C. 431, 434, 593 S.E.2d, 470, 472 (2004) ("[U]nder certain circumstances, standing may be conferred upon a party when an issue is of such public importance as to require its resolution for future guidance."). Thus, "[f]or a court to relax general standing rules, the matter of importance must, in the context of the case, be inextricably connected to the public need for court resolution for future guidance." *ATC South*, 380 S.C. at 199, 669 S.E.2d at 341.

This nexus between the public importance exception and the need for future guidance from the Court is invariably linked to a need for and entitlement to injunctive relief. That Appellant sought monetary damages for himself in his common law causes of action, while claiming to represent the taxpayers of Anderson County, directly conflicts with the purpose and spirit of the public importance exception. Moreover, the personnel choices of Anderson County, even in the face of a seemingly excessive severance package, do not necessitate further guidance. Thus, we affirm the circuit court's finding that this action does not warrant invocation of the public importance exception.

## C. *Statutory Standing*

The traditional concepts of constitutional standing are inapplicable when standing is conferred by statute. FOIA contains a specific standing provision allowing any citizen of South Carolina to seek a declaratory judgment or injunctive relief to enforce the Act's requirements. S.C.Code Ann. § 30–4–100(a) (Supp.2011) ("Any citizen of the State may apply to the circuit court for either or both a declaratory judgment and injunctive relief to enforce the provisions of this chapter in appropriate cases. . . .").

This Court specifically addressed the issue of standing under FOIA in *Fowler v. Beasley*, 322 S.C. 463, 472 S.E.2d 630 (1996) (citizens brought action against county legislative delegation, school board, and governor seeking injunction to prevent school board candidate from serving due to violations of FOIA). In *Fowler*, the county delegation and school board

contended citizens of Charleston County lacked standing to seek an injunction because they had "no personal stake in the outcome." 322 S.C. at 466, 472 S.E.2d at 632. In following the legislature's unmistakable intent, this Court disagreed and stated "[FOIA] permits any citizen to apply to the circuit court for injunctive relief. Accordingly, respondents have standing to challenge the Delegation's procedures under the FOIA." *Id.; see also Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 28, 630 S.E.2d 474, 479 (2006) ("[T]his Court has held that standing under FOIA does not require the information seeker to have a personal stake in the outcome." (internal quotations omitted)); *Bus. License Opposition Comm. v. Sumter Cnty.*, 304 S.C. 232, 403 S.E.2d 638 (1991) (holding appellants are entitled to litigate the nature and effect of a violation of FOIA and the appropriate relief, if any, to be awarded).

The legislature has specifically conferred standing upon any citizen of South Carolina to bring a FOIA claim against a public body for declaratory or injunctive relief, or both. Appellant has pled that he is a citizen of the State and that FOIA has been violated. Nothing more is required. Therefore, the trial court erred in finding Appellant lacked standing to assert his FOIA claims.[3] On remand, Appellant shall be entitled to pursue his FOIA claims seeking declaratory and injunctive relief.

## IV.

Appellant also argues the trial court erred in alternatively dismissing the action on the bases of the affirmative defense of legislative immunity and pursuant to Rule 12(b)(8), SCRCP, since there was not a duplicative action already pending in trial court. We agree and find dismissal on the grounds of legislative immunity and Rule 12(b)(8) was improper pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Frazier v. Badger*, 361 S.C. 94, 101, 603 S.E.2d 587, 590 (2004) ("Immunity under the [Tort Claims] statute is an affirmative

---

3. We note that the trial court's order indicates potential limitations regarding the FOIA causes of action, specifically the statute of limitations, if the Appellant were found to have standing under FOIA. However, such issues are not within the scope of our review and should be more fully vetted in the trial court upon remand.

defense that must be proved by the defendant at trial."); *Jensen v. S.C. Dep't of Soc. Servs.*, 297 S.C. 323, 333, 377 S.E.2d 102, 108 (Ct.App.1988) ("Dismissal under Rule 12(b)(6) is seldom appropriate when the defense of immunity is pleaded. In such cases the court must determine whether the public official acted within the scope of his discretionary authority."); *see also Capital City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 105–06, 674 S.E.2d 524, 531–32 (Ct.App.2009) (finding that Rule 12(b)(8) should be interpreted "narrowly such that the claim must be precisely or substantially the same in both proceedings in order for the drastic remedy of dismissal to be appropriate under Rule 12(b)(8)").[4]

## V.

On the basis of Appellant's lack of standing, we affirm the trial court's dismissal of all of Appellant's claims save his FOIA claims for declaratory and injunctive relief. Pursuant to section 30–4–100 of the South Carolina Code, Appellant is legislatively conferred standing to pursue a FOIA claim. Additionally, we hold that dismissal on the alternative bases of legislative immunity and Rule 12(b)(8), SCRCP, was improper. Therefore, we reverse and remand for further consideration of Appellant's FOIA causes of action.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.

---

4. Respondents claim a pending action, *Anderson County v. Preston*, C.A. No. 2009–CP–04–4482 (Anderson, S.C, Ct. Common Pleas (Complaint filed Nov. 12, 2009)), is duplicative of the action before us. In that action, Anderson County, as plaintiff, seeks to rescind the severance agreement, the return of any monies paid to Preston, and a constructive trust and return of monies paid to the Retirement System. Although both actions seek to ultimately invalidate the severance agreement, the parties and claims of the two actions are not substantially similar to warrant Rule 12(b)(8) dismissal.