**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Self Storage Association and South Carolina Self Storage Association of Personnel and Staffing individually and on behalf of themselves the members and all entities similarly situated, Appellants,

v.

City of Aiken, et al., Respondents.

Appellate Case No. 2010-168366

Appeal from Richland County
J. Michelle Childs, Circuit Court Judge

Unpublished Opinion No. 2012-UP-541
Heard September 11, 2012 – Filed October 3, 2012

**AFFIRMED**

T. Alexander Beard, of Beard Law Offices, of Mount Pleasant, A. Camden Lewis and Ariail E. King, both of Lewis Babcock & Griffin, LLP, of Columbia, for Appellants.

Danny Calvert Crowe and R. Hawthorne Barrett, both of Turner Padget Graham & Laney, PA, of Columbia, for Respondents.

**PER CURIAM:** This is an appeal from the trial court's grant of summary judgment in favor of the Respondent municipalities.[1]  South Carolina Self Storage Association and South Carolina Association of Personnel and Staffing (collectively Appellants) contest the following trial court rulings: (1) Appellants lacked associational standing to bring this appeal; (2) Appellants lacked standing under the public importance exception; (3) Appellants failed to exhaust their administrative remedies; and (4) Appellants waived any claims for business license taxes previously paid pursuant to the voluntary payment doctrine.  We affirm the trial court pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in ruling Appellants did not have standing to bring these claims: *Sea Pines Ass'n for the Prot. of Wildlife, Inc. v. S.C. Dep't of Natural Res.*, 345 S.C. 594, 601, 550 S.E.2d 287, 291 (2001) (stating that to establish standing, the plaintiff must prove (1) an injury in fact, which is concrete, particularized, and actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) it is likely as opposed to speculative that the injury will be redressed by a favorable decision); *Georgetown Cnty. League of Women Voters v. Smith Land Co.*, 393 S.C. 350, 359, 713 S.E.2d 287, 292 (2011) (Hearn, J., dissenting) ("To supplement the analysis for individual standing . . . the courts of this state have adopted another three-part test from the United States Supreme Court regarding the standing of an organization to bring a claim on behalf of its members: (1) its members would have standing to sue individually; (2) the interests at stake are germane to the organization's own interests and purpose; and (3) neither the claim asserted nor the relief sought requires the involvement of individual members." (citing *Beaufort Realty Co. v. Beaufort Cnty.*, 346 S.C. 298, 301, 551 S.E.2d 588, 589 (Ct. App. 2001))); *Sea Pines*, 345 S.C. at 601, 550 S.E.2d at 291 ("The party seeking to establish standing carries the burden of demonstrating each of the three elements." (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992))).

2.  As to whether the trial court erred in ruling Appellants did not meet the requirements to establish invocation of the public importance exception: *Freemantle v. Preston*, 398 S.C. 186, 193, 728 S.E.2d 40, 44 (2012) (stating

---

[1] For purposes of brevity, the eighty-five municipalities that were the defendants in this case will be collectively referred to as "Respondent municipalities."

that "[t]his [c]ourt has often recognized the 'public importance' exception to the general standing requirements" when an issue is "'of such public importance as to require its resolution for future guidance'" (quoting *ATC S., Inc. v. Charleston Cnty.*, 380 S.C. 191, 198, 669 S.E.2d 337, 341 (2008))); *id.* at 194, 728 S.E.2d at 44 (stating there is a nexus between the public importance exception and the need for future guidance from the courts is "invariably linked to a need for and entitlement to injunctive relief"); *see id.* (finding that the appellant's request for monetary damages for himself in addition to his requests for various declaratory judgments, while claiming to represent the taxpayers of his county, directly conflicted with the purpose and spirit of the public importance exception).

3. As to whether the trial court erred in finding the Appellants failed to exhaust their administrative remedies: *Brown v. James*, 389 S.C. 41, 54, 697 S.E.2d 604, 611 (Ct. App. 2010) ("The general rule is that administrative remedies must be exhausted absent circumstances supporting an exception to application of the general rule." (citing *Andrews Bearing Corp. v. Brady*, 261 S.C. 533, 536, 201 S.E.2d 241, 243 (1973))); *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 438, 629 S.E.2d 642, 650 (2006) (stating that while futility is a general exception to the requirement of exhaustion of administrative remedies, it must be demonstrated by a showing comparable to the administrative agency taking "a hard and fast position that makes an adverse ruling a certainty." (quoting *Thetford Props. IV Ltd. P'ship v. U.S. Dep't of Hous. & Urban Dev.,* 907 F.2d 445, 450 (4th Cir. 1990))); *Video Gaming Consultants, Inc. v. S.C. Dep't of Revenue*, 342 S.C. 34, 39, 535 S.E.2d 642, 645 (2000) (finding that "the mere presence of a constitutional issue does not excuse the exhaustion requirement where there are other issues in controversy"); *Law*, 368 S.C. at 438, 629 S.E.2d at 650 (stating that whether to require the plaintiff to exhaust administrative remedies is a matter within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion (citing *Andrews Bearing Corp.*, 261 S.C. at 536, 201 S.E.2d at 243; *Tri-County Ice & Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 242, 399 S.E.2d 779, 782 (1990))).

4. As to whether the trial court erred in finding the voluntary payment doctrine precluded the Appellants from challenging previously paid business license taxes, we decline to reach the merits of the argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that if an appellate court's ruling on a particular issue is dispositive of an appeal, rulings on remaining issues are unnecessary).

**AFFIRMED.**

**SHORT, KONDUROS, AND LOCKEMY, JJ., concur.**