741 S.E.2d 31

D. Michael TAYLOR, Appellant,

v.

AIKEN COUNTY ASSESSOR, Respondent.

Appellate Case No. 2011–204370.

No. 5103.

Court of Appeals of South Carolina.

Heard Dec. 13, 2012.

Decided March 27, 2013.

D. Michael Taylor, pro se, for Appellant.

W. Lawrence Brown, of Aiken, for Respondent.

WILLIAMS, J.

D. Michael Taylor ("Taylor"), appearing pro se, appeals the Administrative Law Court's (ALC) finding that Taylor lacked standing to challenge the 2010 property appraisal and tax assessment for a property he purchased on September 7, 2010. Taylor argues that he has standing despite not owning the

property on December 31, 2009, when the tax was levied. We reverse and remand.

## FACTS / PROCEDURAL HISTORY

On September 7, 2010, Taylor purchased real property located in Aiken County at a foreclosure sale. The same day, Taylor emailed the Aiken County Tax Assessor ("Assessor") to "protest the appraised fair market value and resulting assessment of the referenced property for tax year 2010." In response, the Assessor reduced the property's market value for the 2011 tax year but did not reduce the market value or assessment for the 2010 tax year. Taylor appealed to the Aiken County Board of Assessment Appeals ("Board"), arguing that his property's value for the 2010 tax year should also be reduced. The Board denied the appeal because Taylor was not the property owner at the time the Assessor levied the 2010 tax.

Taylor appealed to the ALC. The ALC found that Taylor lacked standing to appeal the property tax assessment for the 2010 tax year because he did not own the property as of December 31, 2009, the date the 2010 tax was assessed. This appeal followed.

## STANDARD OF REVIEW

■ "Tax appeals to the ALC are subject to the Administrative Procedures Act." *CFRE, LLC v. Greenville Cnty. Assessor,* 395 S.C. 67, 73, 716 S.E.2d 877, 880 (2011). "The decision of the [ALC] should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law." *Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles,* 380 S.C. 600, 604, 670 S.E.2d 674, 676 (Ct.App.2008). "Questions of statutory interpretation are questions of law, which we are free to decide without any deference to the court below." *CFRE,* 395 S.C. at 74, 716 S.E.2d at 880.

## LAW/ANALYSIS

Taylor argues the ALC erred in determining that he lacked standing to appeal the valuation and assessment for the 2010

tax year for property he purchased on September 7, 2010. We agree.

In the instant case, the ALC determined that Taylor lacked standing to appeal the 2010 assessment because he was not the owner of the property as of December 31, 2009. Relying upon section 12–37–610 of the South Carolina Code (Supp. 2012), the ALC determined that Taylor was "not the person legally liable for payment of the taxes for the year 2010." Thus, the ALC reasoned that "he [wa]s not the 'property taxpayer' as defined by the statute."

As recognized by the ALC, our resolution of this issue hinges on whether Taylor is a "property taxpayer" as defined by the applicable sections of the South Carolina Code. If Taylor is a property taxpayer, he has standing as a matter of statutory right. *See Freemantle v. Preston*, 398 S.C. 186, 192, 728 S.E.2d 40, 43 (2012) ("Standing may be acquired: (1) through the rubric of 'constitutional standing'; (2) under the 'public importance' exception; or (3) by statute.") "The traditional concepts of constitutional standing are inapplicable when standing is conferred by statute." *Id.* at 194, 728 S.E.2d at 44. Therefore, we look to the language of the controlling statutes to determine if Taylor has standing.

Section 12–37–610 states that:

Each person is liable to pay taxes and assessments on the real property that, as of December thirty-first of the year preceding the tax year, he owns in fee, for life, or as trustee, as recorded in the public records for deeds of the county in which the property is located....

The South Carolina Revenue Procedure Act ("SCRPA")[1] provides that "[i]n years when there is no notice of property tax assessment, the property taxpayer may appeal the fair market value ... and the property tax assessment of a parcel of property at any time." S.C.Code Ann. § 12–60–2510(A)(4) (Supp.2012). Under the SCRPA, " '[p]roperty taxpayer' means a person who is liable for, or whose property or interest in property, is subject to, or liable for, a property tax imposed by this title." S.C.Code Ann. § 12–60–30(22) (Supp.2012).

---

1. *See* S.C.Code Ann. §§ 12–60–10 to –3390 (Supp.2012).

■ As noted above, the relevant question is whether Taylor is a property taxpayer. We are mindful that "[t]he cardinal rule of statutory interpretation is to ascertain and effectuate the intent of the legislature." *Sloan v. Hardee*, 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007). In doing so, we must give the words found in a statute their "plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation." *Id.* at 499, 640 S.E.2d at 459. "When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must apply the statute according to its literal meaning." *Id.* at 498, 640 S.E.2d at 459. Additionally, under South Carolina law, "[r]evenue laws are generally construed in favor of the taxpayer and against the taxing authority." *Clark v. S.C. Tax Comm'n*, 259 S.C. 161, 169, 191 S.E.2d 23, 26 (1972) (internal quotation marks omitted).

Looking to the plain and ordinary meaning of the SCRPA's provisions, we find that section 12–60–2510(A)(4) allows a property taxpayer to appeal the fair market value and resulting assessment of property at any time in years when a new countywide assessment is not taking place. Turning to the language of section 12–60–30(22), we interpret the definition of property taxpayer to include individuals fitting into two categories: (1) "a person who is liable for ... any property tax imposed by this title"; and (2) "a person ... whose property or interest in property[ ] is subject to ... a property tax imposed by this title." S.C.Code Ann. § 12–60–30(22).

■ In the instant case, we find that Taylor qualifies as a property taxpayer under this second category as a person whose property is subject to the property tax. Pursuant to section 12–49–10 of the South Carolina Code, unpaid property taxes become a lien upon the real property at the time when they are assessed. *See* S.C.Code Ann. § 12–49–10 (2000) ("All taxes, assessments and penalties legally assessed ... shall be a first lien in all cases whatsoever upon the property taxed, the lien to attach at the beginning of the fiscal year during which the tax is levied."). Accordingly, Taylor's interest in the property is subject to the 2010 tax by virtue of this lien.

Therefore, giving the words of section 12–60–30(22) their plain and ordinary meaning, we find the clear and unambigu-

ous terms of the statute provide subsequent property owners, whose properties are "subject to . . . a property tax" by virtue of a tax lien, with the right to appeal their property's valuation and resulting tax assessment. Accordingly, we find that Taylor, as a property taxpayer within the definition provided by section 12–60–30(22), has standing to appeal the valuation and assessment of the property purchased at foreclosure sale on September 10, 2010.

Even if we considered the statute's terms ambiguous, we find our rules of statutory construction would necessitate allowing Taylor the right to appeal. "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute." *Sonoco Prod. Co. v. S.C. Dep't of Revenue*, 378 S.C. 385, 391, 662 S.E.2d 599, 602 (2008) (internal quotation marks omitted). The legislative intent behind section 12–60–2510(A)(3)–(4) is to provide property owners who are subject to a property tax with an avenue to appeal the valuation and resulting assessment. We find this legislative intent is defeated by interpreting this statute to afford an appeal only to property owners as of the date when the assessment was levied but to disallow appeals from subsequent owners. *See Ray Bell Constr. Co. v. Sch. Dist. of Greenville Cnty.*, 331 S.C. 19, 26, 501 S.E.2d 725, 729 (1998) ("[T]he courts will reject [a] meaning when to accept it would lead to a result so plainly absurd that it could not possibly have been intended by the Legislature or would defeat the plain legislative intention."). We do not believe the General Assembly intended such a result. Therefore, we construe the statute to provide subsequent owners, who ultimately bear the economic burden of the overvalued taxes, with the ability to appeal such an assessment. *See id.* ("If possible, the court will construe the statute so as to escape the absurdity and carry the [legislature's] intention into effect.").

Because Taylor satisfies the statutory definition of property taxpayer, section 12–60–2510(A)(4) provides him the right to appeal the assessment of his property "at any time." Accordingly, the ALC erred in finding that Taylor lacked standing to appeal the valuation and tax assessment for the 2010 tax year of the property he purchased on September 7, 2010.

## CONCLUSION

Based on the foregoing, we find the ALC erred in finding Taylor lacked standing to appeal the assessment of the property taxes. Accordingly, the order of the ALC is

**REVERSED AND REMANDED.**

FEW, C.J., and PIEPER, J., concur.