532 S.E.2d 876

Jennie Dreher EVINS, Respondent,

v.

RICHLAND COUNTY HISTORIC PRESERVATION COMMIS-
SION, City of Columbia, South Carolina, County of Richland,
South Carolina, and the Historic Columbia Foundation, Defen-
dants,

of whom City of Columbia, South Carolina, and County
of Richland, South Carolina, are Appellants.

No. 25141.

Supreme Court of South Carolina.

Heard April 19, 2000.

Decided June 5, 2000.

Rehearing Denied July 7, 2000.

16

James S. Meggs, of Columbia, for appellant City of Columbia.

Larry Smith, of Columbia, for appellant Richland County.

D. Cravens Ravenel, of Columbia, for respondent.

MOORE, Justice:

The trial judge voided property conveyances made by Richland County Historic Preservation Commission (RCHPC) to appellants City of Columbia (City) and Richland County (County). We affirm.

## FACTS

In May 1994, RCHPC owned four historic homes in Columbia, and some of the furnishings.[1] Six of the seven commissioners were present at the regularly scheduled May 1994 RCHPC meeting. At this meeting a resolution was introduced and passed by a vote of 4–2.[2] This resolution provided that RCHPC dissolve itself and deed two of its properties to City and the other two to County.[3]

One of the commissioners, Newman, brought a declaratory judgment action to declare the property transfers void and the

---

1. The Mann–Simmons Cottage; The Robert Mills Historic House and Park; The Hampton–Preston Mansion and Garden; and The Woodrow Wilson Boyhood House.

2. Commissioner Weston was absent from the meeting.

3. As background information, it seems RCHPC and the Historic Columbia Foundation were at odds with one another and fighting for control over the properties. A museum consultant was hired to assess the situation. The consultant, Barry Dressel, issued his report in which he recommended RCHPC deed its property to the City and the County and RCHPC be dissolved. The City Council through Councilman Papadea informed RCHPC that if it did not follow this recommendation, basically its funding would be withheld.

dissolution ineffective. She brought the suit both in her capacity as a commissioner and as a citizen-taxpayer. On appeal, we held she did not have standing. *Newman v. Richland County Historic Preservation Comm'n*, 325 S.C. 79, 480 S.E.2d 72 (1997) (disappointed legislator is not permitted to attack decision of her own body, either through declaratory judgment or through direct "appeal"). In *Newman*, we also held: "On appeal there is no challenge to the circuit court's conclusion that RCHPC lacks the ability to dissolve itself, an action which can only be achieved by an act of the General Assembly, S.C.Code Ann. § 4–9–80 (1986), or by the Secretary of State in cases of inactive special purpose districts. S.C.Code Ann. § 4–11–290 (Supp.1995)." 480 S.E.2d at 73.[4]

Four months after the *Newman* decision was filed, respondent Jennie Dreher Evins [5] brought this action seeking to void the property conveyances. City and County moved to dismiss the action on the ground of lack of standing. The trial judge ruled Evins had standing and denied the motion to dismiss. The trial judge declared the transfers void and directed reconveyance to RCHPC. RCHPC, County, and City appealed.

### ISSUES

1) Does RCHPC have the authority to convey the property?
2) Is Evins estopped from contesting the conveyances?
3) Does Evins have standing?

### DISCUSSION

1) Power to convey

■ RCHPC contends that the it had the power to convey the property to City and County. We disagree.

RCHPC was created by the General Assembly in 1963. 1963 S.C. Acts No. 69. The enabling act enumerated the powers of RCHPC. RCHPC has the power to "acquire, own,

---

4. On May 14, 1994, after RCHPC voted to dissolve itself, a bill was introduced to dissolve RCHPC but the General Assembly never passed it.

5. Evins was a commissioner at one time.

hold in trust, preserve, restore, maintain, suitably mark, develop, advertise, and operate buildings and structures of historic significance, and the land upon which the same may be situate, in Richland County, and to receive funds, grants, donations and appropriations for the accomplishment of these purposes." 1963 Acts No. 69, § 4.

The specific power to convey property was not enumerated. "[T]he maxim 'Expressio unius est exclusio alterius' " is defined as: "When certain persons or things are specified in a law, contract, or will, an intention to exclude all others from its operation may be inferred." *Little v. Town of Conway*, 171 S.C. 27, 171 S.E. 447, 448 (1933). *See also Atlanta Skin & Cancer Clinic v. Hallmark Gen. Partners, Inc.*, 320 S.C. 113, 463 S.E.2d 600 (1995) (under maxim of expressio unius est exclusio alterius, expression of one thing is exclusion of another). Since the legislation specifically sets forth the powers of RCHPC, the power to convey property may not be implied from the statute.[6]

■ Appellants also contend the Home Rule amendment to article VIII of the State Constitution implies the authority to convey the property. Article VIII, § 17 states: "The provisions of this Constitution and all laws concerning *local government* shall be liberally construed in their favor. Powers, duties, and responsibilities granted local government subdivisions by this Constitution and by law shall include those fairly implied and not prohibited by this Constitution." (emphasis added). However, Home Rule applies only to counties and municipalities, not special purpose districts.[7]

---

6. Furthermore, to allow RCHPC to convey all of its property and then seek dissolution would clearly circumvent the intention of the legislature that upon dissolution of a special purpose district, the special purpose district's property will be transferred to County. *See* S.C.Code Ann. § 4–9–80 (1986) (any act which dissolves a special purpose district shall provide that such act shall be effective only upon approval of such abolition by favorable referendum vote and upon the dissolution, the county shall take title to the property of the district).

7. There is dicta in *D.W. Flowe & Sons v. Christopher Constr. Co.*, 326 S.C. 17, 482 S.E.2d 558 (1997), which applies Home Rule to special purpose districts. To the extent that *D.W. Flowe* can be read to apply Home Rule to special purpose districts, it is overruled.

We hold RCHPC did not have the authority to convey the property to City and County. Additionally, none of powers granted to RCHPC imply that RCHPC could deed *all* of its property to a third party. Since the enabling legislation did not specifically provide for RCHPC's authority to convey property, we do not think it is a power which can be fairly implied in this case. To do so would thwart its purpose to preserve and maintain historic property and without any property, it would be a defunct entity.

### 2) Estoppel

■ Appellants contend Evins is estopped from bringing this action because in 1976, Evins as secretary of RCHPC signed deeds conveying property from RCHPC. We disagree.

■ Estoppel by deed precludes a party to a deed from asserting as against the other any right or title in derogation of the deed, or from denying the truth of any material fact asserted in it. *Hipps v. Hipps*, 288 S.C. 564, 343 S.E.2d 669 (Ct.App.1986). This type of estoppel is clearly inapplicable here. Evins was not a party to those deeds and certainly she is not asserting any right or title in derogation of these deeds which were recorded many years ago. There is no allegation that Evins participated in any capacity in the execution of the deeds involved in the current litigation.

■ RCHPC also claim Evins's action is barred by the doctrine of equitable estoppel. A party claiming equitable estoppel must show: 1) a lack of knowledge and the means of knowledge of truth as to facts in question; 2) justifiable reliance upon the conduct of the party estopped; and 3) prejudicial change in the position of the party claiming estoppel. *Walton v. Walton*, 282 S.C. 165, 318 S.E.2d 14 (1984). Estoppel cannot exist if the knowledge of both parties is equal and nothing is done by one to mislead the other. *Helsel v. City of North Myrtle Beach*, 307 S.C. 24, 413 S.E.2d 821 (1992). Here, there have been no allegations that would support the elements of estoppel.

### 3) Standing

■ County and City contend the trial judge erred in denying its motion to dismiss on the ground of standing.

Appellants allege that since Evins failed to allege any personal stake in the action and there is no evidence in the record of a personal stake, she does not have standing. We disagree.

As a general rule, to have standing, one must generally have a personal stake in the subject matter of the lawsuit, i.e., one must be a real party in interest. *Glaze v. Grooms*, 324 S.C. 249, 478 S.E.2d 841 (1996). Additionally, a private person may not invoke the judicial power to determine the validity of executive or legislative action unless he has sustained, or is in immediate danger of sustaining, prejudice therefrom. *Blandon v. Coleman*, 285 S.C. 472, 330 S.E.2d 298 (1985). We have held standing may be conferred upon a party when an issue is of such public importance as to require its resolution for future guidance. *Baird v. Charleston County*, 333 S.C. 519, 511 S.E.2d 69 (1999) (citing *Thompson v. South Carolina Comm'n on Alcohol & Drug Abuse*, 267 S.C. 463, 229 S.E.2d 718 (1976) (holding that the plaintiffs had standing because the questions involved were of such wide concern, both to law enforcement personnel and to the public)).

Appellants attempt to distinguish *Baird* by arguing that its holding applies only to ultra vires acts and then only to those of immense public importance. We disagree. While in *Baird* there was an allegation of an ultra vires act, clearly in several cases, we have held a citizen has standing when ultra vires acts were not alleged. *Berry v. Zahler*, 220 S.C. 86, 66 S.E.2d 459 (1951) (holding that questions of public interest originally encompassed in an action should be decided for future guidance); *Ashmore v. Greater Greenville Sewer Dist.*, 211 S.C. 77, 44 S.E.2d 88 (1947) (same). In any event, we hold the actions of RCHPC were ultra vires as discussed above. Thus, the trial court correctly held Evins has standing.

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT, and PLEICONES, JJ., concur.