669 S.E.2d 337

ATC SOUTH, INC., Appellant,

v.

CHARLESTON COUNTY, Leon Stavrinakis, in his capacity as Chairman of Charleston County Council, and Charles T. Wallace, Timothy E. Scott, Curtis Inabinet, Henry Darby, Teddy Pryor, Curtis Bostic and Ed Fava, in their capacities as the duly elected council or governing body of the County of Charleston, SCANA Communications, Inc. and South Carolina Electric & Gas Company, Respondents.

No. 26563.

Supreme Court of South Carolina.

Heard Sept. 18, 2008.

Decided Nov. 17, 2008.

Ellison D. Smith, IV, and Stan Barnett, both of Smith, Bundy, Bybee & Barnett, of Mt. Pleasant, for Appellant.

Gary C. Pennington and Jessica Clancy Crowson, both of Pennington Law Firm, of Columbia, for Respondents SCANA Communications and South Carolina Electric & Gas and Joseph Dawson, III, Bernard E. Ferrara, Jr., Austin A. Bruner, and Bernice M. Jenkins, all of North Charleston, for Respondents Charleston County et al.

Justice KITTREDGE:

This challenge to the rezoning of property in Charleston County, South Carolina, is foreclosed by Appellant's lack of standing.

South Carolina Electric and Gas Company (SCE&G) owns a seven-acre tract of land on Edisto Island in Charleston County. SCANA Communications, Inc. (SCI) and SCE&G are affiliated corporations. SCI is in the business of constructing communications towers (cell-phone towers) to lease to wireless telecommunications companies. SCE&G leased a portion of its Edisto Island tract to SCI for the purpose of constructing a cell-phone tower. Because the then existing zoning did not permit cell-phone towers, SCE&G sought rezoning to a classification that would permit a cell-phone tower. The property was rezoned pursuant to proper procedures. ATC South, Inc. (ATC) challenged the rezoning by filing a declaratory judgment action in circuit court. ATC and SCI are competitors in the cell-phone tower business. ATC owns a tract of land (with a cell-phone tower) approximately one mile from SCE&G's property. Pursuant to cross-summary judgment motions, the circuit court dismissed the case, finding that ATC's status as a mere competitor did not confer standing to challenge the rezoning by the Charleston County Council. We agree and affirm.[1]

## I.

SCI and SCE&G (hereinafter collectively "SCE&G") submitted an application to Charleston County Council to rezone property it owned from Agricultural–Residential (AGR) to Planned Development for utilities (PD) in order to expand the existing electrical substation and to build a cell-phone tower. The AGR zoning did not allow cell-phone towers, but the requested PD zoning would permit cell-phone towers.

The County Planning Commission ultimately recommended approval of the rezoning application to the County Council. Following public hearings and the appropriate number of "readings," County Council unanimously approved the rezoning request.

ATC appeals from its unsuccessful challenge in circuit court, contending the rezoning of SCE&G's property was improper. We are obligated before reaching the merits of the rezoning question to determine whether ATC has standing to press its

---

1. This appeal is before us pursuant to Rule 204(b) certification.

complaint. We conclude ATC does not have standing and that ends our inquiry.

## II.

Standing may be acquired: (1) by statute; (2) through the rubric of "constitutional standing;" or (3) under the "public importance" exception.

### A. *Statutory Standing*

■ Section 6–29–760(C) (2004) of the South Carolina Code provides "[a]n owner of adjoining land or his representative has standing to bring an action contesting the ordinance or amendment; however, this subsection does not create any new substantive right in any party." Because ATC is a nonadjoining landowner, it may not assert statutory standing. ATC so concedes. *Cf. St. Andrews Public Serv. Dist. v. City Council of Charleston*, 349 S.C. 602, 605, 564 S.E.2d 647, 648 (2002) (overruling precedent and holding that a non-statutory party lacks standing to challenge a "void" annexation of property).

### B. *Constitutional Standing*

■ The principle of standing under the United States Constitution is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The Supreme Court has provided a three-part test to establish standing:

> First, the plaintiff must have suffered an "injury in fact"— an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130 (internal citations omitted). *See also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006).

■ We need go no further than the initial requirement of a concrete and particularized injury. "[A] private person may not invoke the judicial power to determine the validity of executive or legislative action unless he has sustained, or is in immediate danger of sustaining, prejudice therefrom." *Evins v. Richland County Historic Pres. Comm'n*, 341 S.C. 15, 21, 532 S.E.2d 876, 879 (2000) (citing *Blandon v. Coleman*, 285 S.C. 472, 330 S.E.2d 298 (1985)). ATC's only concrete and particularized injury is that of a competitor of SCE&G in the cell-phone tower business. The thrust of ATC's argument in the circuit court centered on its status as a cell-phone tower competitor with SCE&G. As ATC's answers to interrogatories reflect:

> The harm to [ATC], already inherent, is magnified by the fact that it is *[a] competitor of Defendants [SCE&G]* in the field of supply of communications tower facilities. Any favored treatment by a regulatory/zoning authority to one competitor, in this case Defendants [SCE&G], harms other competitors by lessening the favored competitor's costs of doing business. In other words, one competitor is freed from regulatory restraints, and this action inevitably harms other competitors.

(emphasis added).

This Court rejected a competitor's assertion that standing exists when alleged damages flow from increased or perceived unfair competition. *Connor Holdings, LLC v. Cousins*, 373 S.C. 81, 86, 644 S.E.2d 58, 60–61 (2007); 4 *Rathkopf's The Law of Zoning and Planning* § 63.34 (4th ed. 2005) ("[G]enerally, persons whose only complaint is that the rezoning or grant of special permit or variance would create competition with them in the conduct of their business have been held not to have standing to litigate the validity of the zoning action."). Further, "a person whose sole interest for objecting to a zoning board's action is to prevent competition with his or her business is not a person aggrieved, and therefore does not have standing to challenge a zoning decision in court." 83 Am.Jur.2d *Zoning and Planning* § 926 (2003).

This approach, which denies standing to a mere competitor, is the prevailing law throughout the country. *See Westborough Mall, Inc. v. City of Cape Girardeau, Mo.*, 693 F.2d 733, 747 (8th Cir.1982) (applying Missouri law, the court held "[c]ompetitive disadvantage alone does not give rise to standing"); *Earth Movers of Fairbanks, Inc. v. Fairbanks N. Star Borough*, 865 P.2d 741, 745 (Alaska 1993) ("[W]e thus adopt the majority rule and deny standing to a business competitor whose only alleged injury results from competition."); *Swain v. Winnebago County*, 111 Ill.App.2d 458, 250 N.E.2d 439, 444 (1969) ("Neither the fact that parties may suffer reduced incomes or be put out of business by more vigorous or appealing competition, nor the fact that properties on which such businesses are operated would thus depreciate in value, give rise to a standing to sue."); *E. Serv. Ctrs., Inc. v. Cloverland Farms Dairy, Inc.*, 130 Md.App. 1, 744 A.2d 63, 67 (Ct.Spec.App.2000) ("[A] person whose sole reason for appealing a decision from the Zoning Board is to prevent competition with his established business does not have standing."); *Cummings v. City Council of Gloucester*, 28 Mass.App.Ct. 345, 551 N.E.2d 46, 50 (1990) ("[A party] might well fear ... an increase in business competition, such fear, by itself, would not cause it to be 'aggrieved.'"); *City of Eureka v. Litz*, 658 S.W.2d 519, 523 (Mo.Ct.App.1983) ("Plaintiffs' general competitive interest therefore, will not establish standing."); *Copple v. City of Lincoln*, 210 Neb. 504, 315 N.W.2d 628, 630 (1982) ("An increase in business competition is not sufficient to confer standing to challenge a change of zone."); *Nautilus of Exeter, Inc. v. Town of Exeter*, 139 N.H. 450, 656 A.2d 407, 408 (1995) ("[T]he only adverse impact that may be felt by the plaintiffs as a result of the ZBA's decision is that of increased competition with their businesses. This type of harm alone is insufficient to entitle the plaintiffs to standing to appeal the ZBA's decision...."); *Rockland Hospitality Assocs., LLC v. Paris*, 302 A.D.2d 597, 756 N.Y.S.2d 585, 586–87 (2003) ("The only potential injury suggested in the record is an increase in business competition, which is insufficient to confer standing on a party."); *Nernberg v. City of Pittsburgh*, 153 Pa.Cmwlth. 219, 620 A.2d 692, 696 (1993) ("The zoning ordinance is not part of a regulatory scheme to protect against competitive

injury, and thus competition is not the kind of direct injury which gives rise to standing in a zoning case.").

We conclude that where, as here, the potential injury or prejudice is only an increase in business competition, such injury or prejudice is insufficient to confer standing. We join the majority of jurisdictions in holding that a competitor challenging legislative or executive action solely to protect its own economic interests lacks standing.

ATC further relies on its status as a taxpayer to acquire standing. The injury to ATC, however, as a taxpayer is common to all property owners in Charleston County. This feature of commonality defeats the constitutional requirement of a concrete and particularized injury. As the United States Supreme Court observed, a taxpayer lacks standing when he "suffers in some indefinite way in common with people generally." *Frothingham v. Mellon*, 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078 (1923). We reject ATC's claim of taxpayer standing under constitutional standing principles.

C. *The "Public Importance" Exception*

This Court has long recognized the "public importance" exception to the general standing requirements. "[S]tanding is not inflexible and standing may be conferred upon a party when an issue is of such public importance as to require its resolution for future guidance." *Davis v. Richland County Council*, 372 S.C. 497, 500, 642 S.E.2d 740, 741 (2007) (citation omitted); *see also Baird v. Charleston County*, 333 S.C. 519, 531, 511 S.E.2d 69, 75 (1999) (holding standing existed to challenge an alleged *ultra vires* act of issuing tax-exempt hospital bonds because the act affected profound public interests: public health and public welfare). In cases which fall within the ambit of important public interest, standing will be conferred "without requiring the plaintiff to show he has an interest greater than other potential plaintiffs." *Davis*, 372 S.C. at 500, 642 S.E.2d at 741 (citations omitted).

Whether an issue of public importance exists necessitates a cautious balancing of the competing interests presented, as this Court explained:

An appropriate balance between the competing policy concerns underlying the issue of standing must be realized. Citizens must be afforded access to the judicial process to address alleged injustices.  On the other hand, standing cannot be granted to every individual who has a grievance against a public official.  Otherwise, public officials would be subject to numerous lawsuits at the expense of both judicial economy and the freedom from frivolous lawsuits.

*Sloan v. Sanford*, 357 S.C. 431, 434, 593 S.E.2d 470, 472 (2004).

The key to. the public importance analysis is whether a resolution is needed for future guidance.  It is this concept of "future guidance" that gives meaning to an issue which transcends a purely private matter and rises to the level of public importance.  *Baird*, 333 S.C. at 531, 511 S.E.2d at 75 ("[A] court may confer standing upon a party when an issue is of such public importance as to require its resolution for future guidance.") (citations omitted); *Sloan v. Sanford*, 357 S.C. at 434, 593 S.E.2d at 472 ("[U]nder certain circumstances, standing may be conferred upon a party when an issue is of such public importance as to require its resolution for future guidance.") (citations omitted).  Yet the very nature of the public importance exception to general standing requirements resists a formulaic approach, as each case must turn on "the competing policy concerns" as we expressed in *Sloan v. Sanford*.[2]

Turning to the case at hand, ATC claims that the matter of zoning is important to the public.  Of course zoning is a matter of public importance, but the same may be said of most legislative and executive actions.  For a court to relax general standing rules, the matter of importance must, in the context of the case, be inextricably connected to the public need for court resolution for future guidance.  There is nothing *public*

---

**2.** For examples where this Court has conferred standing under the public importance exception, see *Sloan v. Sanford*, 357 S.C. 431, 434, 593 S.E.2d 470, 472 (2004), which held standing existed to challenge the sitting Governor's holding of a commission in the Air Force Reserve; *Evins v. Richland County Historic Pres. Comm'n*, 341 S.C. 15, 21, 532 S.E.2d 876, 879 (2000), which conferred standing to allege a preservation society exceeded its authority by conveying property; *Baird v. Charleston County*, 333 S.C. 519, 531, 511 S.E.2d 69, 75 (1999), which provided standing to argue a county exceeded its authority by issuing hospital bonds.

about ATC's concern with a competing cell-phone tower. Here, a local government followed proper procedure and rezoned a single piece of property for a narrow purpose and the only complaint comes from a nonadjoining landowner which just happens to be a competitor. ATC's efforts to cloak its zoning challenge as a matter of "public importance" for the purpose of acquiring standing finds no traction in this record.

### III.

ATC presents to the Court as a disgruntled competitor, nothing more. Because ATC's challenge to the rezoning of SCE&G's property by the Charleston County Council does not implicate a matter of public importance requiring court resolution for future guidance, ATC's complaint is dismissed for lack of standing. The judgment of the circuit court is

**AFFIRMED.**

TOAL, C.J., WALLER, PLEICONES and BEATTY, JJ., concur.