**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

James M. Tennant, Appellant,

v.

Board of Zoning Appeals for the City of Georgetown, Respondent.

Appellate Case No. 2009-139778

———————————

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-462
Submitted July 2, 2012 – Filed July 25, 2012

———————————

**AFFIRMED**

———————————

James Tenant, of Georgetown, pro se.

Elise Freeman Crosby, of Georgetown, for Respondent.

———————————

**PER CURIAM:** James M. Tennant appeals the circuit court's order dismissing his appeal. On appeal, Tennant argues the circuit court erred in (1) finding he lacked standing; (2) finding it lacked jurisdiction; and (3) upholding the decision of the Board of Zoning Appeals for the City of Georgetown (Zoning Board) to

grandfather Paige Sawyer's sign under the non-conforming sign ordinance. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.  As to whether the circuit court properly dismissed the appeal based on lack of standing: *ATC South, Inc. v. Charleston Cnty.*, 380 S.C. 191, 195-96, 669 S.E.2d 337, 339 (2008) ("The Supreme Court has provided a three-part test to establish standing: First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical[.]  Second, there must be a causal connection between the injury and the conduct complained of- the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) (quotation marks omitted)); *id.* at 196, 669 S.E.2d at 339 ("'[A] private person may not invoke the judicial power to determine the validity of executive or legislative action unless he has sustained, or is in immediate danger of sustaining, prejudice therefrom.'" (quoting *Evins v. Richland Cnty. Historic Pres. Comm'n*, 341 S.C. 15, 21, 532 S.E.2d 876, 879 (2000))).

2.  As to whether the circuit court erred in finding it lacked jurisdiction:  *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

3.  As to whether the circuit court erred in upholding the Zoning Board's decision to grandfather the sign under the non-conforming sign ordinance: *Futch*, 335 S.C. at 613, 518 S.E.2d at 598 (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.