**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Margaret Stroud and D5 Citizens Ensuring the Implementation of the Referendum, Inc., Respondents,

v.

Kim Murphy, Appellant.

Appellate Case No. 2011-202407

Appeal from Richland County
L. Casey Manning, Circuit Court Judge

Memorandum Opinion No. 2013-MO-017
Heard May 14, 2013 – Filed June 12, 2013

**REVERSED AND REMANDED**

Robert Guild, of Columbia, Katie R. Parham, of The Parham Law Firm, of Irmo, and Jerry Jay Bender, of Baker, Ravenel & Bender, LLP, of Columbia, for Appellant.

Todd R. Ellis, of Law Office of Todd Ellis, P.A., of Irmo, for Respondents.

Kenneth L. Childs, John Marshall Reagle, and Tyler Ryan Turner, of Childs and Halligan, P.A., of Columbia,

for Amicus Curiae, School District Five of Lexington and Richland Counties, Scott Thomas Price, of Columbia, for Amicus Curiae, South Carolina School Boards Association.

---

**PER CURIAM:** Margaret Stroud, and D5 Citizens Ensuring the Implementation of the Referendum, Inc. filed this action alleging abuse of process by Kim Murphy, a member of the District 5 school board, and requesting an injunction preventing her from challenging or appealing actions related to permits for construction projects authorized by the school district and funded by the 2008 Referendum. Murphy moved to dismiss, and the circuit court denied her motion and issued a temporary restraining order.

We reverse pursuant to Rule 220(b)(1), SCACR, and the following authorities: *ATC S., Inc. v. Charleston Cnty.*, 380 S.C. 191, 198, 669 S.E.2d 337, 341 (2008) (internal citations omitted) ("[A] taxpayer lacks standing when he suffers in some indefinite way in common with people generally.") *Sea Pines Ass'n for the Prot. of Wildlife, Inc. v. S.C. Dep't of Natural Res.*, 345 S.C. 594, 600, 550 S.E.2d 287, 291 (2001) (internal citations omitted) (noting that to have standing a party must have a personal stake in the subject matter of the lawsuit and have a "real, material, or substantial interest in the subject matter of the action, as opposed to one who has only a nominal or technical interest in the action"); *Id.* at 601, 550 S.E.2d at 291 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)) (internal quotations omitted) ("In order to establish standing, a party must satisfy three elements. First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.").

Accordingly, we reverse and remand for dismissal by the circuit court.

**REVERSED AND REMANDED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**