138 Nev., Advance Opinion 28

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| NEVADA POLICY RESEARCH INSTITUTE, INC., A NEVADA DOMESTIC NONPROFIT CORPORATION, Appellant, vs. NICOLE J. CANNIZZARO, AN INDIVIDUAL ENGAGING IN DUAL EMPLOYMENT WITH THE NEVADA STATE SENATE AND CLARK COUNTY DISTRICT ATTORNEY; JASON FRIERSON, AN INDIVIDUAL ENGAGING IN DUAL EMPLOYMENT WITH THE NEVADA STATE ASSEMBLY AND CLARK COUNTY PUBLIC DEFENDER; GLEN LEAVITT, AN INDIVIDUAL ENGAGING IN DUAL EMPLOYMENT WITH THE NEVADA STATE ASSEMBLY AND REGIONAL TRANSPORTATION COMMISSION; BRITTNEY MILLER, AN INDIVIDUAL ENGAGING IN DUAL EMPLOYMENT WITH THE NEVADA STATE ASSEMBLY AND CLARK COUNTY SCHOOL DISTRICT; DINA NEAL, AN INDIVIDUAL ENGAGING IN DUAL EMPLOYMENT WITH THE NEVADA STATE SENATE AND NEVADA STATE COLLEGE; JAMES OHRENSCHALL, AN INDIVIDUAL ENGAGING IN DUAL EMPLOYMENT WITH THE NEVADA STATE SENATE AND CLARK COUNTY PUBLIC DEFENDER; MELANIE SCHEIBLE, AN INDIVIDUAL ENGAGING IN DUAL EMPLOYMENT WITH THE NEVADA STATE SENATE AND CLARK COUNTY DISTRICT ATTORNEY; JILL TOLLES, AN | No. 82341 <br><br> FILED <br> APR 21 2022 <br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY_____ <br> CHIEF DEPUTY CLERK |

INDIVIDUAL ENGAGING IN DUAL
EMPLOYMENT WITH THE NEVADA
STATE ASSEMBLY AND UNIVERSITY
OF NEVADA, RENO; SELENA
TORRES, AN INDIVIDUAL ENGAGING
IN DUAL EMPLOYMENT WITH THE
NEVADA STATE ASSEMBLY AND
CLARK COUNTY SCHOOL DISTRICT;
AND THE LEGISLATURE OF THE
STATE OF NEVADA,
Respondents.

Appeal from a district court order dismissing a complaint for declaratory and injunctive relief. Eighth Judicial District Court, Clark County; Jim Crockett, Judge.

*Reversed and remanded.*

Fox Rothschild LLP and Colleen E. McCarty and Deanna L. Forbush, Las Vegas,
for Appellant.

Legislative Counsel Bureau, Legal Division, and Kevin C. Powers, General Counsel, Carson City,
for Respondent Legislature of the State of Nevada.

Nevada State College and Berna L. Rhodes-Ford, General Counsel, Henderson; University of Nevada, Reno, and Gary A. Cardinal, Assistant General Counsel, Reno,
for Respondents Dina Neal and Jill Tolles.

Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, and Bradley S. Schrager and Daniel Bravo, Las Vegas,
for Respondents Brittney Miller and Selena Torres.

Wiley Petersen and Jonathan D. Blum, Las Vegas,
for Respondents Nicole J. Cannizzaro, Jason Frierson, and Melanie
Scheible.

---

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, HARDESTY, J.:

Appellant Nevada Policy Research Institute, Inc. (NPRI) filed a complaint against respondents, alleging that their dual service as members of the state Legislature and as employees of the state or local government violates the Nevada Constitution's separation-of-powers clause. The district court dismissed the complaint for lack of standing, finding that NPRI did not allege a personal injury for traditional standing and did not satisfy the requirements of the public-importance exception to standing.

The issue in this appeal, thus, is whether this case falls within the public-importance exception, such that NPRI had standing without needing to show a personal injury. In *Schwartz v. Lopez*, 132 Nev. 732, 382 P.3d 886 (2016), we recognized that a public-importance exception applies when an appropriate party sues to protect public funds by raising a constitutional challenge to a legislative expenditure or appropriation in a case involving an issue of significant public importance. But the constitutional challenge at issue here does not involve an expenditure or appropriation. We thus take this opportunity to limitedly expand the public-importance exception in Nevada to cases such as this—specifically, we hold that traditional standing requirements may not apply when an appropriate party seeks to enforce a public official's compliance with

Nevada's separation-of-powers clause (even if it does not involve an expenditure or appropriation), provided that the issue is likely to recur and there is a need for future guidance. The constitutional separation-of-powers challenge at issue here meets those requirements. Accordingly, we reverse the district court order dismissing the complaint for lack of standing and remand for further proceedings.

## FACTS

NPRI filed a complaint against respondents Nicole J. Cannizzaro, Jason Frierson,[1] Glen Leavitt, Brittney Miller, Selena Torres, James Ohrenschall, Melanie Scheible, Jill Tolles, and Dina Neal, seeking declaratory and injunctive relief. NPRI sought a declaration that respondents' dual service as elected members of the Legislature and as paid employees of state or local government violates the Nevada Constitution's separation-of-powers clause, and NPRI also sought an injunction prohibiting respondents from simultaneously holding those positions. Respondents moved to dismiss the complaint because NPRI did not satisfy the injury requirement for traditional standing and did not meet the public-importance exception to the traditional standing requirements. Specifically, respondents argued that the public-importance exception did not apply because NPRI did not assert a constitutional challenge to a specific legislative expenditure or appropriation and NPRI was not an appropriate party to litigate the matter.

---

[1]As requested by the Legislature, we have modified the caption to reflect that Jason Frierson is a member of the Nevada State Assembly, not the Nevada State Senate, and we direct the clerk of this court to modify the caption on this docket to conform to the caption in this opinion.

In its opposition to the motions to dismiss, NPRI argued that it satisfied the traditional standing requirements because it was forced to expend valuable resources bringing this lawsuit. NPRI also argued that it satisfied all three requirements for the public-importance standing exception because respondents' violation of the separation-of-powers clause is an issue of public importance; the Legislature appropriated funds that paid legislators a daily salary and per diem allowances while the Legislature was in session, which violated the separation-of-powers clause for the legislators who were also employed by the executive branch of state or local government; and NPRI was an appropriate party because it would be impossible to find individual plaintiffs both willing and able to seek the legislators' executive-branch positions.

The district court granted the motions to dismiss, concluding that NPRI failed to satisfy the traditional standing requirements because it did not allege any particularized harm. The district court further concluded that the public-importance exception did not apply because NPRI did not directly challenge a legislative appropriation or expenditure and because NPRI is not the sole and appropriate party to bring this suit. This appeal followed.

## DISCUSSION

NPRI argues on appeal that the district court erred in finding that it lacked standing under the public-importance exception announced in *Schwartz v. Lopez*, 132 Nev. 732, 382 P.3d 886 (2016). Alternatively, NPRI argues that this court should expand the public-importance exception or otherwise waive standing here so that NPRI may litigate the issue of significant public importance presented in its complaint.

We review whether a party has standing de novo. *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011). "The

Supreme Court
of
Nevada

(O) 1947A

5

question of standing concerns whether the party seeking relief has a sufficient interest in the litigation," so as "to ensure the litigant will vigorously and effectively present his or her case against an adverse party." *Schwartz*, 132 Nev. at 743, 382 P.3d at 894. Thus, to have standing to challenge an unconstitutional act, a plaintiff generally must suffer a personal injury traceable to that act "and not merely a general interest that is common to all members of the public." *Id.*; *see also Morency v. State, Dep't of Educ.*, 137 Nev., Adv. Op. 63, 496 P.3d 584, 588 (2021). However, in *Schwartz*, we recognized a public-importance exception to the personal-injury requirement. We held that in appropriate cases, "we may grant standing to a Nevada citizen to raise constitutional challenges to legislative expenditures or appropriations without a showing of a special or personal injury." 132 Nev. at 743, 382 P.3d at 894. As set forth in *Schwartz*, this exception applies only when the plaintiff demonstrates that (1) the case presents "an issue of significant public importance," (2) the case involves "a challenge to a legislative expenditure or appropriation on the basis that it violates a specific provision of the Nevada Constitution," and (3) the plaintiff is an "appropriate" party to bring the action. *Id.* at 743, 382 P.3d at 894-95.

NPRI did not meet the second requirement of the public-importance exception delineated in *Schwartz*, as it did not bring "a challenge to a legislative expenditure or appropriation on the basis that it violates a specific provision of the Nevada Constitution." NPRI asks us to nevertheless conclude that it has standing based on the public importance of the separation-of-powers issue. We are cognizant that *Schwartz* requires all three of the public-importance exception factors to be met for the exception to apply. 132 Nev. at 743, 382 P.3d at 984. However, unlike in

*Schwartz*, we are now faced with a case that presents a constitutionally based challenge, but not to a legislative expenditure or appropriation.

We recognize, as other jurisdictions have, that in limited circumstances this court must use its discretion to exercise jurisdiction in cases involving separation-of-powers questions "as a matter of controlling necessity[,]" "because the conduct at issue affects, in a fundamental way, the sovereignty of the state, its franchises or prerogatives, or the liberties of its people." *State ex rel. Coll v. Johnson*, 990 P.2d 1277, 1284 (N.M. 1999) (internal quotation marks omitted); *cf. Comm. for an Effective Judiciary v. State*, 679 P.2d 1223, 1226 (Mont. 1984) (noting "that standing questions must be viewed in part in light of discretionary doctrines aimed at prudently managing judicial review of the legality of public acts" (internal quotation marks omitted)). And, where there are "clear threats to the essential nature of state government guaranteed to . . . citizens under their [c]onstitution—[specifically,] a government in which the three distinct departments, . . . legislative, executive, and judicial, remain within the bounds of their constitutional powers," *Johnson*, 990 P.2d at 1284 (internal quotation marks omitted)—the ability of an appropriate party to obtain judicial review of a public official's actions serves an essential role in maintaining the constitutional structure of the state government and preventing government actors from either overstepping or abdicating their public duties. *See, e.g.*, *Thompson v. Heineman*, 857 N.W.2d 731, 752 (Neb. 2015) ("[W]ithout an exception for matters of great public concern, elected representatives could flout constitutional violations with impunity. . . . The exception for matters of great public concern ensures that no law or public official is placed above our constitution."); *ACLU of N.M. v. City of Albuquerque*, 188 P.3d 1222, 1233 (N.M. 2008) (citing *Johnson*, 990 P.2d at

SUPREME COURT
OF
NEVADA

(O) 1947A

1284, and recognizing the "great public importance" of such cases); *S.C. Pub. Interest Found. v. S.C. Dep't of Transp.*, 804 S.E.2d 854, 858 (S.C. 2017) (stating that "public importance standing" is intended "to allow interested citizens a right of action in our judicial system when issues are of significant public importance to ensure accountability and the concomitant integrity of government action" (alterations, omission, and internal quotation marks omitted)). Consequently, courts have been willing to confer public importance standing in cases concerning "citizens' interest in their form of government," *Thompson*, 857 N.W.2d at 751; *Johnson*, 990 P.2d at 1284, that are likely to recur and for which there is a need for future guidance, *cf. Sears v. Hull*, 961 P.2d 1013, 1019 (Ariz. 1998); *S.C. Pub. Interest Found.*, 804 S.E.2d at 859. So too do these courts recognize that the doctrine must be kept in check, lest they paradoxically expand judicial jurisdiction beyond the boundaries of their respective states' separation-of-powers clauses in the supposed interest of those same clauses and at the expense of the political process and franchise. *See Horner v. Curry*, 125 N.E.3d 584, 595 (Ind. 2019); *see also State ex rel. Ohio Acad. of Trial Lawyers v. Sheward*, 715 N.E.2d 1062, 1080 (Ohio 1999) ("The concept of standing embodies general concerns about how courts should function in a democratic system of government.").

With these countervailing considerations in mind, we strike a balance here, expanding the public-importance exception articulated in *Schwartz* to the instant suit and those of similar caliber, where a plaintiff seeks vindication of the Nevada Constitution's separation-of-powers clause, but still limiting the exception's reach to extraordinary cases even within that category. *Sloan v. Sanford*, 593 S.E.2d 470, 472 (S.C. 2004) (noting that while "[c]itizens must be afforded access to the judicial process to

address alleged injustices[,]" "standing cannot be granted to every individual who has a grievance against a public official"). Thus, the public-importance doctrine may apply both where a plaintiff seeks to protect public funds or where, as here, the plaintiff seeks to enforce a public official's compliance with a public duty pursuant to the separation-of-powers clause, but only where an appropriate party seeks enforcement of that right, the issue is likely to recur, and it requires judicial resolution for future guidance. In such cases, we may confer standing under the public-importance exception.[2]

We conclude that this is one of those rare cases. NPRI alleges that respondents' dual service as legislators and employees in the state executive branch and local government violates the Nevada Constitution's separation-of-powers clause, which divides the powers of the state government into three separate departments and prohibits "persons charged with the exercise of powers properly belonging to one of these departments [from] exercis[ing] any functions, appertaining to either of the others, except in the cases expressly directed or permitted in this constitution." Nev. Const. art. 3, § 1(1). This court has recognized separation of powers as "probably the most important single principle of government declaring and guaranteeing the liberties of the people." *Heller v. Legislature*, 120 Nev. 456, 466, 93 P.3d 746, 753 (2004) (quoting *Galloway v. Truesdell*, 83 Nev. 13, 18, 422 P.2d 237, 241 (1967)). Thus, the question

---

[2]We further hold that a party who brings an action for declaratory relief and satisfies these requirements for the public-importance exception to standing establishes a legally protectable interest as required to obtain declaratory relief. *See MB Am., Inc. v. Alaska Pac. Leasing Co.*, 132 Nev. 78, 86, 367 P.3d 1286, 1291 (2016) (establishing requirements for a court to grant declaratory relief).

 

of whether respondents' dual service violates the separation-of-powers clause is one that implicates specific conduct of state officials and a matter of great and equal concern to all Nevada citizens. *Johnson*, 990 P.2d at 1284 (limiting exception to questions with "constitutional moment"); *Haik v. Jones*, 427 P.3d 1155, 1161 (Utah 2018) (noting that exception has been limited to questions "where a large number of people would be affected by the outcome" (internal quotation marks omitted)).

Our refusal to grant standing under these circumstances could result in serious public injury—either by the continued allegedly unlawful service of the above-named officials, or by the refusal of qualified persons to run for office for fear of acting unconstitutionally—because this unsettled issue continues to arise. *See Sheward*, 715 N.E.2d at 1083 (limiting application of the public-importance exception to circumstances where serious public injury would result otherwise). Indeed, this court has previously been asked to decide a similar question regarding whether state and local government employees could simultaneously serve as members in the Legislature. *See Heller*, 120 Nev. at 466, 93 P.3d at 753. In *Heller*, the Nevada Secretary of State asked this court to declare that dual service violates the separation-of-powers clause and to order the Legislature to oust those legislators who were also employed by the state executive branch and local governments. *Id.* This court declined to reach the issue, finding that the Secretary lacked standing and also that the separation-of-powers clause barred the relief sought because only the Legislature may judge the qualifications of its members.[3] *Id.* at 460-62, 466-72, 93 P.3d at 749-50, 752-

---

[3]In *Heller*, this court specifically noted that the dual service issue would be justiciable if it were instead "raised as a separation-of-powers challenge to legislators working in the executive branch, as the

56. The dual service issue has since been raised in other court cases, but no court has addressed it on the merits for a variety of reasons.[4] *See, e.g.,* *Pojunis v. Denis*, No. 60554, 2014 WL 7188221 (Nev. Dec. 16, 2014) (Order of Affirmance) (affirming dismissal of complaint based on lack of standing and mootness); *Indep. Am. Party of Nev. v. Titus*, Docket No. 43038 (Order Denying Petition for Writ of Mandamus, July 14, 2004) (denying petition based on lack of standing).

The greater the need for future guidance, the greater "the extent to which public interest would be enhanced by reviewing the case." *Snohomish County v. Anderson*, 881 P.2d 240, 244 (Wash. 1994) (emphasis omitted); *McConkey v. Van Hollen*, 783 N.W.2d 855, 861 (Wis. 2010) (applying the doctrine because "as a law development court, we think it prudent that the citizens of Wisconsin have this important issue of constitutional law resolved"). And here, future guidance is necessary because of the lack of judicial interpretation of Nevada's separation-of-powers clause, this issue's recurrence over an extended period, and the potential impact that resolution of this issue will have on state government and those who seek public office. *See S.C. Pub. Interest Found.*, 804 S.E.2d at 859 (concluding that "future guidance is needed since there is no judicial

---

qualifications of legislators employed in the executive branch are not constitutionally reserved to that branch." *Id.* at 472, 93 P.3d at 757.

[4]In addition, this issue has been the subject of opinions by the Nevada Attorney General and the Nevada Legislative Counsel Bureau on at least six prior occasions. *See* 2004-03 Op. Att'y Gen. 17 & n.1 (2004) (citing five earlier opinions concerning dual service). These opinions are not binding on this court, *see Clark Cty. Office of Coroner/Med. Exam'r v. Las Vegas Review-Journal*, 136 Nev. 44, 57, 458 P.3d 1048, 1058 (2020), but serve to demonstrate the recurring and unresolved nature of the dual service issue.

guidance addressing the issue and there is evidence SCDOT will inspect this type of property in the future"). This need for future guidance in the separation-of-powers arena "gives meaning to an issue [that] transcends a purely private matter and rises to the level of public importance," *ATC S., Inc. v. Charleston County*, 669 S.E.2d 337, 341 (S.C. 2008), alleviating concerns of a potential flood of spurious litigation claims against public officials better addressed via the democratic process. *See Haik*, 427 P.3d at 1160-61.

Furthermore, we conclude that NPRI is an appropriate party to challenge the constitutionality of respondents' dual service. *See Schwartz*, 132 Nev. at 743, 382 P.3d at 894-95 (clarifying that an appropriate party "mean[s] that there is no one else in a better position who will likely bring an action and that the plaintiff is capable of fully advocating his or her position in court"). Expanding on the discussion in *Schwartz*, we agree with our sister states that "[a]ppropriateness has three main facets: the plaintiff must not be a 'sham plaintiff' with no true adversity of interest; he or she must be capable of competently advocating his or her position; and he or she may still be denied standing if 'there is a plaintiff more directly affected by the challenged conduct in question who has or is likely to bring suit,'" which ensures that the plaintiff will serve as a true and strong adversary. *Baxley v. State*, 958 P.2d 422, 428 (Alaska 1998) (quoting *Trs. for Alaska v. State*, 736 P.2d 324, 329 (Alaska 1987)); *see also Hunsucker v. Fallin*, 408 P.3d 599, 602 (Okla. 2017) (limiting doctrine to cases where there is "lively conflict between antagonistic demands" (internal quotation marks omitted)); *McConkey*, 783 N.W.2d at 860-61 (applying doctrine where plaintiff had "competently framed the issues and zealously argued his case," and "a different plaintiff would not enhance [the court's] understanding").

NPRI is a nonprofit corporation whose primary missions are to conduct public policy research and advocate for policies that protect individual liberties and promote transparency, accountability, and efficiency in government. NPRI thus is not a "sham plaintiff"—its "sincerity" in challenging the legislators' dual employment "is unquestioned." *See Trs. for Alaska*, 736 P.2d at 330 (concluding the plaintiffs were appropriate parties because "[t]hey are not sham plaintiffs; their sincerity in opposing the state's mineral disposition system is unquestioned"). NPRI has demonstrated "it has 'the interest necessary to effectively assist the court in developing and reviewing all relevant legal and factual questions.'" *Utah Chapter of Sierra Club v. Utah Air Quality Bd.*, 148 P.3d 960, 972 (Utah 2006) (quoting *Jenkins v. Swan*, 675 P.2d 1145, 1150 (Utah 1983)).

Moreover, it is represented by counsel who have competently advocated NPRI's position and named as defendants all of the individuals who currently serve in dual roles. *See Trs. for Alaska*, 736 P.2d at 329-30, 330 n.9 (explaining that "standing may be denied if the plaintiff appears to be incapable, for economic or other reasons, of competently advocating the position it has asserted"). And as we recognized in *Heller*, the declaratory relief action NPRI filed in district court is an appropriate proceeding in which to resolve the dual service issue, as it will allow "a full record [to] be developed regarding the nature and scope of [respondents'] employment duties." 120 Nev. at 467, 93 P.3d at 754 (quoting *State v. Evans*, 735 P.2d 29, 33 (Utah 1987)); *see also id.* at 472-73, 93 P.3d at 757.

NPRI also has demonstrated that the dual service issue is unlikely to be properly raised by any other parties with greater interest. The mere possibility that other individuals may have a more direct interest

SUPREME COURT
OF
NEVADA

(O) 1947A

in bringing a challenge to respondents' dual service does not mean that NPRI is an inappropriate party to do so, particularly as no such individual has filed suit or will likely do so in the future. *See Trs. for Alaska*, 736 P.2d at 330 (holding "the mere possibility that the Attorney General may sue does not mean that appellants are inappropriate plaintiffs" and stating "the crucial inquiry is whether the more directly concerned potential plaintiff has sued or seems likely to sue in the foreseeable future"); *see also Utah Chapter of Sierra Club*, 148 P.3d at 972-73 (recognizing that more than one party may be appropriate and a party is not required to have the greatest interest to have standing). Because we conclude that NPRI has demonstrated that it seeks enforcement of the separation-of-powers clause as applied to public officials and NPRI has the ability to vigorously litigate this important, recurring issue, we elect to confer standing on NPRI to bring this challenge.

## CONCLUSION

Though the public-importance exception to standing that we announced in *Schwartz* requires that the plaintiff challenge a legislative expenditure or appropriation as violating a specific provision of the Nevada Constitution, we may apply the public-importance exception in cases where a party seeks to protect the essential nature of "a government in which the three distinct departments, . . . legislative, executive, and judicial, remain within the bounds of their constitutional powers," *Johnson*, 990 P.2d at 1284 (internal quotation marks omitted), as against a public official, even when this requirement is not met. We elect to apply the public-importance exception here and confer standing on NPRI because it is an appropriate party and the issue in this case implicates separation of powers under our state constitution, is likely to recur, and is of such significant public importance as to require resolution for future guidance. We therefore

SUPREME COURT
OF
NEVADA

(O) 1947A

reverse the district court order dismissing NPRI's complaint and remand for further proceedings on its claims.[5]

_____, J.
Hardesty

We concur:

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

---

[5]NPRI also argues that the district court erred in granting the Legislature's motion to intervene and in denying NPRI's motion to disqualify the Nevada System of Higher Education's official attorneys from representing respondents. We conclude that NPRI waived its argument to the district court's grant of permissive intervention, _see Khoury v. Seastrand_, 132 Nev. 520, 530 n.2, 377 P.3d 81, 88 n.2 (2016) (concluding an appellant waives an argument by raising it for the first time in his or her reply brief), and fails to demonstrate any abuse of discretion by the district court in denying the motion to disqualify counsel, _see State ex rel. Cannizzaro v. First Judicial Dist. Court_, 136 Nev. 315, 317, 466 P.3d 529, 531 (2020).