# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Joshua Hawkins and Floyd S. Mills, III, Appellants,

v.

Secretary of State Mark Hammond, South Carolina
Secretary of State's Office, Respondents,

and

Thomas Alexander, in his official capacity as President
of the South Carolina Senate, and Murrell Smith, in his
official capacity as the Speaker of the South Carolina
House of Representatives, Respondents.

Appellate Case No. 2019-000330

───────────

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

───────────

Opinion No. 5913
Heard April 5, 2022 – Filed May 25, 2022

───────────

**AFFIRMED**

───────────

Drew Bradshaw, Druanne D. White, Kyle J. White, and
Trevor B. White, all of White, Davis & White Law Firm,
of Anderson, and Joshua T. Hawkins and Helena L.
Jedziniak, both of Hawkins & Jedziniak, LLC, of
Greenville, all for Appellants.

A. Mattison Bogan and Matthew A. Abee, both of
Nelson Mullins Riley & Scarborough, LLP, of Columbia,

for Respondents Thomas Alexander, in his official capacity as President of the South Carolina Senate, and Murrell Smith, in his official capacity as the Speaker of the South Carolina House of Representatives.

Karl Smith Bowers, Jr., of Bowers Law Office, of Columbia, for Respondents Mark Hammond and the South Carolina Secretary of State's Office.

---

**THOMAS, J.:** Joshua Hawkins and Floyd S. Mills, III (Appellants) filed this action against Secretary of State Mark Hammond, the South Carolina Secretary of State's Office, the Honorable Thomas Alexander, in his official capacity as President of the South Carolina Senate, and the Honorable Murrell Smith, in his official capacity as the Speaker of the South Carolina House of Representatives (collectively, Respondents), seeking to invalidate two tort reform laws as unconstitutional.[1] Appellants appeal the circuit court's dismissal of the action, arguing (1) their claims are not barred by res judicata; (2) they have standing to challenge the tort reform laws; (3) the Secretary of State failed to comply with constitutional prerequisites to validity; and (4) their claims were timely. We affirm.

**FACTS**

Appellants filed this declaratory judgment action alleging they are practicing attorneys in South Carolina whose finances are directly impacted by the enactment of the South Carolina Noneconomic Damages Award Act of 2005[2] (the 2005 Act) and the South Carolina Fairness in Civil Justice Act[3] (the 2011 Act).[4] Appellants

---

[1] Pursuant to Rule 25, SCRCP, the circuit court substituted the Honorable Harvey S. Peeler, Jr., in his capacity as President of the South Carolina Senate for the Honorable Hugh K. Leatherman, Sr. We now substitute the Honorable Thomas Alexander, in his official capacity as President of the South Carolina Senate and the Honorable Murrell Smith, in his official capacity as the Speaker of the South Carolina House of Representatives. *See* Rule 25(d)(1), SCRCP (establishing automatic substitution of state officials).

[2] 2005 Act No. 32, eff. July 1, 2005.

[3] 2011 Act No. 52, eff. Jan. 1, 2012.

[4] The Acts were codified in 2018 by 2018 Act No. 129.

allege the Acts, which established damages caps in civil litigation and made various other changes, effectively reduced recovery for them in civil lawsuits. Appellants allege the Acts are invalid and unconstitutional because they were passed without the Great Seal, as required by Article 3, Section 18 of the South Carolina Constitution, and because they were not transferred to the South Carolina Department of Archives and History within five years of passage, as required by the Secretary of State. According to Appellants, the Acts were never valid, and to the extent they now have the Great Seal affixed, they are still invalid and unenforceable. Appellants sought a declaration of the unconstitutionality and invalidity of the Acts, injunctive relief, attorneys' fees and costs, and any other available relief.

Respondents filed motions to dismiss the action, arguing the following: (1) there was substantial compliance with the constitutional mandate that the Great Seal be affixed to acts of the General Assembly, which has retroactive effect because the Great Seal has now been affixed to the Acts; (2) the claims are moot because the Acts have been codified; (3) Appellants lack standing; (4) the claims should be dismissed because the federal claims are untimely; and (5) the claims are barred by res judicata.

During a hearing on the motions to dismiss, Appellants argued if the laws became valid with the later application of the Great Seal, the Acts were valid prospectively only, and Appellants were still entitled to challenge the validity of the Acts during the period of time between passage and the application of the seal.

The circuit court found (1) Appellants' claims were barred by res judicata; (2) Appellants lacked standing to bring the claims; (3) the state law claim was moot due to codification and because the Acts now have the Great Seal affixed to them; and (4) the federal claims were barred by the statute of limitations. Thus, the court dismissed the action with prejudice. This appeal followed.

**STANDARD OF REVIEW**

"In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court." *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007). In considering a motion to dismiss under Rule 12(b)(6), the trial court's ruling must be based "solely on allegations set forth in the complaint." *Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006). "The question is whether, in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the

complaint states any valid claim for relief." *Cap. City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct. App. 2009).

## LAW/ANALYSIS

### I.  RES JUDICATA

Appellants argue the circuit court erred in finding their claims were barred by res judicata.  We disagree.

The circuit court found Appellants alleged the Acts unconstitutionally reduced their recovery in prior civil actions in which Appellants were counsel, and the doctrine of res judicata bars Appellants from raising their claims now when they could have been raised in the prior actions.

"Res judicata bars subsequent actions by the same parties [or their privies] when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999); *see Venture Eng'g, Inc. v. Tishman Constr. Corp. of S.C.*, 360 S.C. 156, 162, 600 S.E.2d 547, 550 (Ct. App. 2004) (explaining res judicata applies to parties or their privies).  "One in privity is one whose legal interests were litigated in the former proceeding." *Roberts v. Recovery Bureau, Inc.*, 316 S.C. 492, 496, 450 S.E.2d 616, 619 (Ct. App. 1994).  "'Privity' as used in the context of res judicata . . . , does not embrace relationships between persons or entities, but rather it deals with a person's relationship to the subject matter of the litigation." *Richburg v. Baughman*, 290 S.C. 431, 434, 351 S.E.2d 164, 166 (1986).  The doctrine of res judicata bars litigants "from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit." *Plum Creek*, 334 S.C. at 34, 512 S.E.2d at 109 (quoting *Hilton Head Ctr. of S.C., Inc. v. Pub. Serv. Comm'n of S.C.*, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987)).

Appellants argue their claims that the Acts are unconstitutional and invalid have not been litigated.  However, the challenges to the constitutionality and validity of the Acts could have been raised in any of the prior actions in which Appellants represented clients whose recoveries were limited by the Act, which led to Appellants' fees being limited.  We find no error by the circuit court. *Id.* at 34, 512 S.E.2d at 109 (barring a litigant from raising issues which might have been raised in a former suit).

## II.    STANDING

Appellants argue they have standing because the laws directly impact them and are of public importance.  We disagree.

Appellants essentially claim they settled cases for less money than they could have received prior to the Acts; thus, their fees were diminished and they were directly impacted by the Acts.  The circuit court found that although Appellants claimed they experienced reduced recovery in past cases and will continue to do so, the Acts challenged do not address attorneys' fees, which are a matter of private contract.  The court found Appellants lacked standing because there is no causal connection between the constitutionality of the Acts and Appellants' alleged injury.  As to Appellants' clients, the court found any reduction in their recovery did not impact Appellants personally, and because the former clients are not parties to this action, the court could not address their alleged damages.  Finally, the court found the alleged recovery from future cases was conjectural, which rendered the claims "insufficiently concrete to be redressed or to provide [Appellants] standing."

"Generally, a party must be a real party in interest to the litigation to have standing." *Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 28, 630 S.E.2d 474, 479 (2006).  "Standing to sue is a fundamental requirement in instituting an action." *Joytime Distribs. & Amusement Co. v. State*, 338 S.C. 634, 639, 528 S.E.2d 647, 649 (1999).  "Standing refers to a party's right to make a legal claim or seek judicial enforcement of a duty or right." *Michael P. v. Greenville Cnty. Dep't of Soc. Servs.*, 385 S.C. 407, 415, 684 S.E.2d 211, 215 (Ct. App. 2009)).  "Standing may be acquired (1) by statute, (2) under the principle of 'constitutional standing,' or (3) via the 'public importance' exception to general standing requirements." *Pres. Soc'y of Charleston v. S.C. Dep't of Health & Env't Control*, 430 S.C. 200, 209–10, 845 S.E.2d 481, 486 (2020).[5]

---

[5] Appellants' allegation of standing under the public importance exception is not preserved for our review because the circuit court addressed only constitutional standing in its order, and Appellants failed to raise the issue in a post-trial motion. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").  In addition, Appellants do not claim standing by statute.  Thus, we address only constitutional standing.

Our supreme court has explained the requirements of constitutional standing as follows:

> To possess constitutional standing, first, a party must have suffered an injury-in-fact which is a concrete, particularized, and actual or imminent invasion of a legally protected interest.  Second, a causal connection must exist between the injury and the challenged conduct.  Finally, it must be likely that a favorable decision will redress the injury.

*Youngblood v. S.C. Dep't of Soc. Servs.*, 402 S.C. 311, 317–18, 741 S.E.2d 515, 518 (2013) (internal citations omitted).

In this case, Appellants do not allege a "concrete, particularized, and actual or imminent invasion of a legally protected interest," which is required for constitutional standing.  Even courts that have relaxed rules of standing to declare tort reform legislation unconstitutional have not permitted private actions.  *See, e.g.,* Basil M. Loeb, Comment, *Abuse of Power: The Courts Are Disregarding Standing and Original Jurisdiction Principles So They Can Declare Tort Reform Unconstitutional*, 84 Marq. L. Rev.  491, 505–06 (2000) (explaining the Ohio Supreme Court found standing in an action by the Ohio Academy of Trial Lawyers and the Ohio AFL-CIO challenging the constitutionality of a tort reform bill, but noted the claim would not be allowed as a private action).

We find no error in the circuit court's finding that Appellants lacked constitutional standing to challenge the Acts.  *See ATC S. v. Charleston Cnty.*, 380 S.C. 191, 195, 669 S.E.2d 337, 339 (2008) (concluding constitutional standing requires an injury to a legally protected interest); *id.* at 196, 669 S.E.2d at 340 (finding no constitutional standing based on alleged damages arising from perceived unfair competition); *Sullivan v. S.C. Dep't of Corr.*, 355 S.C. 437, 444–45, 586 S.E.2d 124, 127–28 (2003) (determining a prisoner was not entitled to judicial review of the denial of his application to participate in a treatment program because he did not have a liberty interest in participation in the program).

**CONCLUSION**

Based on the foregoing, the order on appeal is

**AFFIRMED.**[6]

**MCDONALD and HEWITT, JJ., concur.**

---

[6] We need not consider Appellants' remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that an appellate court need not address remaining issues when resolution of a prior issue is dispositive).